[Civ. No. 7552. First Appellate District, Division One.—March 26, 1931.]

A. G. MARSHALL, Respondent, v. GOLDEN STATE MILK PRODUCTS COMPANY (a Corporation) et al., Appellants.

John H. Corning for Appellants.

La Shelle & Rankin and Kirke La Shelle for Respondent.

TYLER, P. J.—Action for damages. The complaint alleges a cause of action for damages sustained by plaintiff to his automobile as a result of the truck of defendant company colliding with the same, while said truck was being operated by an employee of the defendant company. It is charged that the accident resulted solely by reason of the careless and negligent operation and control of the said truck. Briefly stated, the facts are as follows: Plaintiff's automobile was lawfully parked parallel to the curb on Escobar Street in the city of Martinez. At this time a five-ton truck owned by defendant company and operated by an employee was proceeding along said street, approaching the automobile from the rear, and it collided with plaintiff's parked car. The trial court awarded plaintiff judgment in the sum of $500 for damage to his automobile and the further sum of $50 for deprivation of its use.

Several grounds are relied upon for a reversal of the judgment. ■ It is first claimed that plaintiff failed to prove any negligence on the part of defendants, which directly and proximately contributed to or caused damage to plaintiff's automobile. In this connection it is argued that the accident was caused by the breaking of an axle of the truck due to a latent defect for which defendants were not liable, as the truck had received proper care and was subjected to regular inspection. The contention is

without merit. There is ample evidence in the record to show that the car could have been stopped and the accident avoided had the driver of the truck applied his brakes. Nor does the fact, as claimed, that the breaking of the axle caused such a sudden emergency as excused the driver from applying his brakes in any manner alter or change the situation. ■ The question was one for the trial court to determine from all of the surrounding facts. ■

It is next claimed that the judgment awards plaintiff an excessive amount of damage to his automobile. There is ample evidence in the record that the amount awarded plaintiff was reasonable. ■ The further claim is made that the trial court erred in receiving evidence upon the question of value based upon an offer which plaintiff had received for his car. While it is true that certain witnesses during the course of their examination did testify as to the amount of the offer made to plaintiff, the learned trial judge as the record shows, at all times insisted that the testimony be confined to the market value of the car at the time of the accident, and that he disregarded and ignored all evidence of the offer. The mere fact, therefore, that there was evidence received of value based upon an offer was not prejudicial and it does not warrant a reversal of the judgment. ■ Equally without merit is the contention that the award in the judgment of $50 for deprivation of use of plaintiff's car is against law. Defendants' negligence deprived plaintiff of the use of his car during the period of its repair. The general rule applicable to the situation is found in section 3333 of the Civil Code, which provides the measure of damage for the breach of an obligation not founded upon a written contract. (*Meyers* v. *Bradford,* 54 Cal. App. 157, 160 [201 Pac. 471].) It was stipulated by and between the parties that if the court found for loss of use it should be for $5 per day. The appeal is without merit.

The judgment is affirmed.

Knight, J., and Ward, J., *pro tem.,* concurred.