[Civ. No. 978. Fourth Appellate District.—October 25, 1932.]

ADELINE MIRIAM CUMMINS, Appellant, v. YELLOW AND CHECKER CAB COMPANY (CONSOLIDATED) (a Corporation) et al., Respondents.

OSCAR RICHARD CUMMINS, Appellant, v. YELLOW AND CHECKER CAB COMPANY (CONSOLIDATED) (a Corporation), Respondents.

Louis P. Pink for Appellant.

Jennings & Belcher for Respondents.

HARDEN, J., *pro tem.*—The plaintiffs, who are husband and wife, brought separate actions against defendants for damages on account of personal injuries received in an automobile accident. Said actions were consolidated for trial. A separate verdict was rendered in each case in favor of the defendants, upon which judgment was entered accordingly. The motion of each plaintiff for a new trial having been denied, separate appeals have been taken from the judgments and orders denying new trial.

At about 7:45 P. M. on August 24, 1926, plaintiffs were riding in a southerly direction on the westerly side of Berendo Street, between Eighth and Ninth Streets, in Los Angeles, in a Willys-Knight roadster driven by plaintiff Oscar Richard Cummins. The driver was seated upon the left side of the automobile and his wife, Adeline Miriam Cummins, was upon his right side. At that time a taxicab of the defendant companies, operated by defendant James V. Morford, was traveling in a westerly direction on Ninth Street toward the intersection of Ninth and Berendo Streets. Said streets intersect at right angles. A collision occurred between said vehicles at a point slightly to the southwest of the center of the intersection. As a result thereof the roadster was turned around completely, so that it came to a stop against a brick retaining wall at the northwest corner of the intersection. The taxicab stopped near the southwest corner of the intersection. In the accident both plaintiffs received severe injuries.

The complaints alleged negligent driving of the taxicab in general terms. To the complaint of the wife, the defense of contributory negligence was interposed by appropriate allegations; and as a further defense it was alleged that her husband was negligent in the operation of his automobile, and that his negligence was imputed to her. By proper allegations the defense of contributory negligence was also interposed to the complaint of the husband.

The points raised by appellants upon the appeal are identical.

The first of several questions thus raised is that the evidence was insufficient to support the verdicts and judgments: It is contended that the evidence established that defendants were guilty of negligence in the operation of the taxicab. This may be conceded. The point is not seriously challenged by respondents. In this connection it is contended next that the husband was not guilty of contributory negligence. The arguments proceed upon the assumption by all parties that contributory negligence on the part of the husband, if established, would be imputed to the wife (*McFadden* v. *Santa Ana etc. Ry. Co.*, 87 Cal. 464 [25 Pac. 681, 11 L. R. A. 252]).

It is conceded that at the place of the collision the speed limit was 15 miles per hour. It is true that plaintiffs and several witnesses testified to the general effect that plaintiffs' automobile approached the intersection of said streets at a rate of speed not in excess of that allowed by law. Without going into detail as to such evidence, it may be conceded that the greater number of witnesses testified to a state of facts from which it would not be proper to infer negligence on the part of the driver of plaintiffs' automobile. However, in behalf of the defendants, substantial evidence was introduced which would warrant a contrary view of the situation.

Dave C. Jacob testified that he was in front of his house on the east side of Berendo Street, a distance of about 300 feet to the north of the intersection; that he had an unobstructed view; that he observed plaintiffs' automobile as it passed in front of his house; that it was then traveling at a speed which he estimated at around 40 miles per hour; that by reason of its speed he continued to observe the automobile as it approached the intersection of Ninth Street; that he did not notice any change in its speed until the time of the collision; that he observed the taxicab as it came into the intersection; that he closed his eyes the instant the cars collided; that immediately thereafter he went to the scene of the accident.

Mrs. A. J. Clancy resided on the northwest corner of the intersection of Ninth and Berendo Streets. After having placed her car in her garage on Ninth Street to the rear of her house, and a distance of about 150 feet from the corner of Ninth and Berendo Streets, she and her little

daughter proceeded easterly along the north side of Ninth Street toward the intersection of the streets in question. At the time of the accident she was within one or two feet of the place where plaintiffs' automobile came to rest against the brick retaining wall on the northwest corner. She testified that when plaintiffs' automobile was 10 feet north of the north line of the street intersection the taxicab was the cab's length east of the east line thereof; that neither automobile slowed down; that both of said automobiles were going faster than 25 miles per hour.

Frank Price was a passenger in the taxicab. In some respects his testimony corroborated that of the witnesses Jacob and Mrs. Clancy. He testified that in his opinion the taxicab was at about the line of the sidewalk on the east side of Berendo Street when he observed the approaching automobile on Ninth Street; that he saw its headlights. He said: "I saw a car approaching from the right, and I could see the headlights. I hollered to the driver, and the next thing I knew we were over on the lawn. . . . ''

James V. Morford, the driver of the taxicab, testified by deposition that the accident was his fault, and also that at the time of his approach to the intersection the passenger asked him a question and that he turned his head to the right and slightly to the rear to understand what the passenger said. (This evidence was denied by Price, who said the only conversation he had at that time was when he "hollered—probably told him to look out, or something like that. I don't remember what I said.") Said driver testified further that he did not see plaintiffs' automobile until it was directly in his path, as the taxicab was entering the intersection; that he applied the two-wheel brakes on his car immediately; that such application of brakes caused the taxicab to skid; that owing to the skidding, and to avoid the collision, he endeavored to turn to the left, parallel with plaintiffs' car; that he did all he could to avoid the accident.

The plaintiff Oscar Richard Cummins testified that his automobile was traveling five, six or seven miles per hour at the time he approached the intersection and saw the approaching taxicab; that he did not observe how fast the taxicab was traveling; that he could not judge its speed; that plaintiffs were traveling on the west side of Berendo

Street, possibly 10 feet from the curb; that the taxicab was possibly 100 feet, more or less, east of the east curb of Ninth Street at that time—somewhere around 130 feet east of plaintiffs, more or less; that he recognized that it was a taxicab; that his automobile had been in second gear, but at that time he shifted to high gear and proceeded ahead; that he did not look again at the taxicab until he had reached the center of the intersection, when he heard the groaning of the brakes on the taxicab. The testimony of Mrs. Cummins was substantially the same as that of her husband.

We have stated the testimony of said witnesses somewhat at length to show that the question of whether or not there was contributory negligence on the part of plaintiffs was essentially a question for the determination of the jury. Ordinarily, of course, the question of whether a plaintiff was guilty of contributory negligence is a question for the jury. It is a question of law for the court only where the facts are undisputed, and only then where on those facts reasonable minds can draw but one conclusion (*Herbert* v. *Southern Pac. Co.*, 121 Cal. 227 [53 Pac. 651]; *Johnson* v. *Southern Pac. R. Co.*, 154 Cal. 285 [97 Pac. 520]; *Hoff* v. *Los Angeles Pac. Co.*, 158 Cal. 596 [112 Pac. 53]; *Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237 [116 Pac. 513]; *Seller* v. *Market St. Ry. Co.*, 139 Cal. 268 [72 Pac. 1006]). We cannot hold as a matter of law that the evidence was insufficient to support the implied finding of the jury that the plaintiffs were guilty of contributory negligence.

The second point raised is that the court committed reversible error in the giving of certain instructions to the jury. At defendants' request the court instructed the jury as to the general rules relative to the right of way at the street intersection. No objection to such instruction is made except that it is contended that there was no evidence to support the giving thereof. Contending that the question was not in issue under the evidence, particular objection is made to the following portion of said instruction:

"If you should find that both vehicles approached the intersection at approximately the same time, and also that Mr. Cummins' automobile was traveling in excess of fifteen

miles per hour in entering and crossing the intersection, then it did not have any right of way over the taxicab.''

To agree with appellants in their contention that there was no evidence to support a finding that the automobiles were approaching the intersection *at approximately the same time,* would be to disregard a portion of the testimony already set forth. There was sufficient evidence to warrant the giving of said instruction.

At the defendants' request the court also instructed as follows:

''Even if you should find that the defendants were negligent, yet, if you also find that the plaintiffs were negligent, or that the plaintiff Mr. Cummins alone was negligent, and that such negligence, if any, on the part of plaintiffs, or on the part of the plaintiff, Mr. Cummins, proximately contributed in any degree, *however slight,* to the happening of the accident and injuries, then, in such event, neither of the plaintiffs can recover, and your verdict should be in favor of the defendants.''

The vice of the instruction is said to be the inclusion therein of the words ''however slight''. Contrary to the contention of appellants, said instruction is not properly construed as stating that any negligence (even though not amounting to a want of ordinary care) would bar a recovery. In other portions of the instructions not complained of the court stated the rule with relation to particular circumstances under which the plaintiffs might be held guilty of contributory negligence, and in such other portions of the instructions the words ''however slight'' do not appear. The meaning of the instructions is the same, whether said words are included or omitted. Said instruction contained a correct statement of the law. (*Konig* v. *Lyon,* 49 Cal. App. 113 [192 Pac. 875]; *Steinberger* v. *California Elec. Co.,* 176 Cal. 386, at 394 [168 Pac. 570].)

Exception is also taken to the giving at defendants' request of the following instruction:

''In this case, if you should find that the defendants' taxicab was being driven at a high rate of speed, but should also find that before the plaintiffs entered the intersection they looked in the direction from which the taxicab was coming, and observed that it was approaching, but negligently and carelessly failed to make reasonable

use of their faculties for the purpose of ascertaining whether or not they could safely proceed upon the intersection, and they did thereafter negligently proceed upon the intersection without making any reasonable observation for the purpose of ascertaining whether or not they could safely do so, and they carelessly continued to proceed upon the intersection until they had gotten into the course along which the defendant's vehicle was going, and that the accident resulted proximately from the negligence, if any, on the part of the plaintiffs in the foregoing particulars, then the plaintiffs cannot recover, and in such event your verdict must be in favor of the defendants. This is true under such circumstances, even though you find that the driver of the defendant's automobile was also negligent.''

█ The first attack upon said instruction is that it denied to plaintiffs the benefit of the doctrine of the "last clear chance''. There is no showing of negligence on the part of the driver of the taxicab after he became aware of the perilous position of the plaintiffs; and, assuming that plaintiffs were negligent at all, such negligence continued up to the time of the collision. Under such circumstances the doctrine had no proper place in the case. (*Mayer* v. *Anderson,* 36 Cal. App. 740 [173 Pac. 174]; *Jansen* v. *Southern Pac. Co.,* 5 Cal. App. 12 [89 Pac. 616]; *Rowe* v. *Southern Cal. Ry. Co.,* 4 Cal. App. 1 [87 Pac. 220].) Apparently that was the view of the parties at the trial. No instruction upon the doctrine was requested and none given. The instruction is not objectionable for the reason stated.

█ The other points of attack upon said instruction require for their support the assumption that the taxicab was at a considerable distance east of the intersection at the time that plaintiffs undertook the crossing. This assumption we cannot make. Appellants rely upon the language of the court in the cases of *Simonsen* v. *L. J. Christopher Co.,* 186 Cal. 786 [200 Pac. 615, 616]; *Gornstein* v. *Priver,* 64 Cal. App. 249, at 259 and 260 [221 Pac. 396], and *Robinson* v. *Clemons,* 46 Cal. App. 661 [190 Pac. 203]. Appellants contend that, under the authority of said cases and a proper application of the law, they were bound to prevail. In each of said cases the plaintiffs prevailed in the lower court; and upon the appeal the defendant endeavored to have the court hold as a matter of law that

the plaintiff had been guilty of contributory negligence. Surely the language of the court in those cases, wherein the evidence which sustained the judgment of the lower court was pointed out, should not be regarded as any holding that such evidence would under all circumstances require judgment for a plaintiff.

The situation in each of the cases cited was altogether different from the one confronting us. It is not a question here of determining whether a verdict and judgment in favor of plaintiffs would have been sustainable, but whether we can say as a matter of law that the verdicts and judgments in favor of defendants are not. ■ Said case of *Simonsen* v. *L. J. Christopher Co., supra,* states a rule of law, however, that is applicable here, as follows: "A person crossing a street in front of an approaching vehicle cannot close his eyes to threatening danger, relying upon the presumption that the other party will use reasonable care and prudence and obey the traffic laws, but if there is nothing in the situation to warn him of impending danger he is not guilty of negligence in relying upon such assumption." "The general rule is that every person has a right to presume that every other person will perform his duty and obey the law, and in the absence of reasonable ground to think otherwise it is not negligence to assume that he is not exposed to danger which comes to him only from violation of law or duty by such other person." (*Swartz* v. *Feddershon,* 92 Cal. App. 285, at 290 [268 Pac. 430, 432].) ■ While a motorist may assume that others will exercise due care, he cannot for that reason omit any of the care which the law demands of him. (*Commonwealth Ins. Co.* v. *Riverside P. C. Co.,* 69 Cal. App. 165, 168 [230 Pac. 995].) We think it not open to question in our case that, if the speed and position of the taxicab were such that in the exercise of ordinary care the plaintiffs should have realized that an attempted crossing of the intersection would probably result in a collision, then the plaintiffs did not have the right to proceed across the intersection; and, if they did so under such circumstances, and their injuries proximately resulted therefrom, a finding of contributory negligence was proper. That was the effect of the instruction. Therein we find no error.

 The remaining point raised by appellants is that the court erred in permitting counsel for defendants to ask a few questions of the witness Frank Price "more in the line of cross-examination". Permission to ask such questions was granted by the court without objection from plaintiffs. Defendants' counsel then inquired of the witness if he had not told counsel that at the time the taxicab entered the intersection he "felt pretty sure that the other car was not yet into the intersection, because it was far enough to your right so that you could plainly see both headlights". Objection to such question was overruled and the witness answered in the affirmative. Upon being asked whether such was still his opinion, the witness answered in the affirmative and gave a reason therefor, but upon motion of plaintiffs the entire answer was stricken out. Defendants' counsel then asked the witness if he had not told counsel that it was his best recollection "that this other car coming down from the north, after you first saw it, went at least as far, if not farther, than the taxicab did before the collision occurred". Plaintiffs' objection being overruled, the witness answered in the affirmative. To a question then propounded, the witness stated he was still of the same opinion; but such answer was stricken out on motion of plaintiffs. To the question, "Isn't that still your best recollection?" the witness was permitted to answer, over plaintiffs' objection, "Yes, that is my best recollection." The objection of appellants is that by the procedure followed the defendants were permitted improperly to impeach their own witness. The holdings of the court in such cases as *People* v. *Creeks,* 141 Cal. 529 [75 Pac. 101], and *People* v. *Conkling,* 111 Cal. 616, 624 [44 Pac. 314], are relied upon, in support of appellants' position, to the effect that a party is not permitted to impeach his own witness where the witness has not testified "against" such party but has merely failed to testify as expected. Such rule is not applicable here. Counsel for defendants made no effort to impeach said witness; he asked no impeaching question; nor did he indicate, by the asking of the usual questions as to time, place and persons present, any intention to impeach the witness. The purpose of the questions was merely to refresh the recollection of the witness. The procedure followed was allowable. "Although a party may not, except

180

under certain circumstances, impeach his own witness, yet when a witness fails to testify to matters previously within his recollection, or gives evidence in apparent variance with that formerly given, the party calling him may with propriety refresh his recollection by directing his attention to his former statements." (27 Cal. Jur. 86; *People* v. *Duncan*, 8 Cal. App. 186 [96 Pac. 414]; *People* v. *Deckert*, 77 Cal. App. 146 [246 Pac. 157].)

We find no reason to reverse the judgments. The judgments are therefore affirmed, and the appeals from the orders denying new trial are dismissed.

Barnard, P. J., and Marks, J., concurred.