CLARENCE E. HALL, Respondent, v. W. J. FERGUSON
et al., Appellants.

John Conrad Lehner and Herbert C. Kelly for Appellants.

Ray Miller and Liggett & Liggett for Respondent.

HARDEN, J., *pro tem.*—Action to quiet title to three pieces
of real property.

W. J. Ferguson and Mary Ellen Ferguson, defendants,
were formerly husband and wife.   A final decree of divorce
was entered September 4, 1915, in an action between them
wherein, among other things, it was adjudged that there was

no community property. At that time Mary Ellen Ferguson held title to two pieces of the property involved in this action by virtue of a deed from W. J. Ferguson. By deed dated March 4, 1922, she conveyed said property to W. J. Ferguson. This deed was not recorded until March 8, 1923. On December 5, 1922 (about three months before the recording of the last-mentioned deed), he deeded the property back to her. This deed was recorded December 1, 1924. On July 21, 1931, by two separate conveyances bearing that date, Mary Ellen Ferguson deeded said property (including a third piece, a ranch which she had acquired since her divorce by patent from the government) to W. J. Ferguson. These deeds were not recorded until October 15, 1931. On October 14, 1931, W. J. Ferguson executed a deed to all of said property to Mary Ellen Ferguson. This deed was the last of the series and was not recorded. The controversy hinges upon its validity.

We have mentioned the recording dates to indicate the practice of said parties to withhold their deeds from record for long periods. It will be seen also that in no case was a conveyance from Mary Ellen Ferguson recorded until after the execution of a reconveyance to her.

As guardian of plaintiff, defendant Mary Ellen Ferguson came into possession of plaintiff's estate and failed to account for $1500 thereof, by virtue whereof, on May 10, 1932, plaintiff procured a judgment against her for $1544.30. Pursuant thereto execution was levied upon all of the real property involved on July 22, 1932. At a sale thereof pursuant to regular proceedings plaintiff purchased said property for $1500.

The judgment entered herein provided that defendants might redeem the property from said sale within 90 days from the entry of judgment upon paying plaintiff $2,350 in lawful money of the United States (or by transferring to him bonds of the Federal Home Loan Bank of an equal amount), together with interest thereon from date of judgment; that upon failure to redeem, plaintiff's title to the property should stand quieted. Defendants appeal from the judgment.

■ The decision must turn principally upon a question of fact. The attorney who drew the deed of October 14, 1931, was a witness. Based upon his testimony, a finding that both defendants called at his office and requested him to prepare

the deed and that he later delivered it to defendants at their home on the day of its preparation would be supported by the evidence. Mary Ellen Ferguson denied such delivery and stated that after its execution at their home it was returned by the attorney to his office; that thereafter she abstracted it from his files and burned it. In some particulars her version of the matter was corroborated by testimony of W. J. Ferguson. However, Mrs. Ferguson testified at another point in her testimony that W. J. Ferguson gave her the deed ''in case of death''. It was likewise established that at a hearing on proceedings supplemental to execution in the case wherein plaintiff procured the former judgment against Mary Ellen Ferguson, W. J. Ferguson testified in respect to the deed in question as follows: ''Q. Did you execute that deed and give it to her? A. Yes, in case of death.'' The last-mentioned evidence was available not only to impeach W. J. Ferguson but was substantive proof by way of an admission of a defendant. (*Gates* v. *Pendleton,* 71 Cal. App. 752, 756 [236 Pac. 365].)

The evidence, direct and circumstantial, was sufficient to justify a finding of delivery of the deed by the grantor.

An unconditional grant deed made, executed and delivered by the grantor to the grantee, though with the intent that it should operate as a conveyance only in the event of death of the grantor, takes effect immediately to pass title to the grantee. (Sec. 1056, Civ. Code; *Mowry* v. *Heney,* 86 Cal. 471 [25 Pac. 17]; *Elliott* y. *Merchants' Bank etc. Co.,* 21 Cal. App. 536 [132 Pac. 280]; *Lewis* v. *Brown,* 22 Cal. App. 38 [133 Pac. 331]; *Fisher* v. *Fisher,* 23 Cal. App. 310 [137 Pac. 1094]; *Hodoian* v. *Garabedian,* 79 Cal. App. 762 [251 Pac. 227].)

A destruction of the deed by the grantee after delivery would not affect its validity, nor operate as a reconveyance to the grantor. (*Cranmer* v. *Porter,* 41 Cal. 462.)

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.