[Civ. No. 9440. Second Appellate District, Division One.—January 20, 1936.]

R. E. NIX, Respondent, v. O. C. WOODWORTH et al., Appellants.

W. H. ENGLE, Respondent, v. O. C. WOODWORTH et al., Appellants.

Finlayson, Bennett & Morrow, Henry L. Knoop and H. Eugene Breitenbach for Appellants.

Jones, Stephenson, Palmer & Moore, C. Arden Gingery and Mattison B. Jones for Respondents.

YORK, J.—The plaintiffs in separate actions sued the defendants for damages on account of personal injuries sustained by them in a collision between a motorcycle, which was being driven by plaintiff Engle and on which the plaintiff Nix was riding as a passenger, and an automobile, which was owned by defendant Woodworth and which was being operated by defendant Henning with the permission of defendant Woodworth.

The two actions were tried concurrently and each resulted in a verdict and judgment in favor of the plaintiff therein in the sum of $15,000, of which amount the first $5,000 was assessed against both defendants, and the remaining $10,000 was assessed against defendant Henning only. The appeals of defendants from these two judgments are presented here in the form of a consolidated bill of exceptions.

It appears from the record that the plaintiffs, with plaintiff Engle driving, were proceeding from Los Angeles to Tujunga on a motorcycle, via Glendale Boulevard to the point where it runs into Verdugo Road, where they stopped to smoke. They then proceeded northerly on Verdugo Road to the point where Canada Boulevard intersects said Verdugo Road at an angle to the west. Defendant Henning, with his wife seated beside him, was driving an automobile northerly on Verdugo Road, and when he reached the intersection of Verdugo Road and Canada Boulevard, he made a left-hand turn into a service station, which is located at the flatiron intersection of the two named boulevards, proceeded westerly through the service station to the driveway on the easterly curb of Canada Boule-

vard and started in low gear across the boulevard to the west in order to make a southerly turn into Canada Boulevard. Meanwhile the motorcycle was approaching the intersection at a speed of approximately thirty-five miles per hour, making a gradual turn to the left into Canada Boulevard, keeping to the right of the buttons in the center of the street. Plaintiff Engle, the operator of the motorcycle, testified that he saw the automobile coming out of the driveway at a slow rate of speed and that it proceeded very slowly until it was about four feet ahead and to the right of his motorcycle, when the automobile made a sudden spurt forward and collided with the motorcycle, causing the injuries complained of, as a result of which each of the plaintiffs suffered the loss of his right foot, and each of the plaintiffs was discharged from the navy because of such loss.

Appellant Henning testified that he saw the motorcycle when it was about 450 feet south of him on Verdugo Road; that, as he pulled out of the service station, he took his eyes from the left and watched the right; that he saw the motorcycle again before the collision and that it was probably thirty feet away when he saw it again, and at that time his machine was somewhere near the middle of the street; that he then stepped on the brake and clutch and did not at any time "step on the gas"; that he did not accelerate his speed when he saw the plaintiffs the second time, and as soon as he saw them he stepped on the clutch and brake; that when he saw the motorcycle the second time, it was coming toward him at a speed of at least fifty miles per hour and was traveling in a wide curve to the left, leaning to the left-hand side.

It will be seen from this *résumé* of facts that there was a direct conflict in the evidence as to the speed of the motorcycle, and also a direct conflict as to whether or not the speed of the automobile was increased by a sudden spurt forward immediately before the collision.

Upon this appeal, appellants contend that plaintiff Engle, the operator of the motorcycle, was guilty of contributory negligence as a matter of law, and that the trial court committed prejudicial error in its instructions to the jury. Also, that the trial court erred in submitting the case to the jury on the last clear chance doctrine, since that doctrine is not applicable to the case.

In connection with point I, appellants contend that the plaintiff Engle was guilty of contributory negligence as a matter of law,—

"(a) In that he operated a motorcycle not equipped with a horn or other warning device, it appearing that if he had had a horn he could have warned the defendant Henning of the approach of the motorcycle in ample time to have averted the collision; and,

"(b) Independently of the absence of a horn, in that with full knowledge of the entire situation, with his eyes wide open, and with ample time and opportunity to avert the collision, he not only proceeded forward with unabated speed, but when 10 or 15 feet from the point of collision he without cause or necessity turned closer to the approaching automobile and thereby made the collision inevitable."

This was plainly a matter for the jury, as there was evidence that respondent Engle saw appellant's automobile coming out of the private driveway at a slow rate of speed, which indicated to him that appellant was conceding him the right of way (in accordance with section 132 of the California Vehicle Act). Furthermore, the record shows that when the motorcycle was in motion it caused a noise like a series of explosions, that such noise was from the exhaust, and at the time when the automobile of defendants was entering Canada Boulevard, the motorcycle was traveling thirty-five miles per hour and made enough noise so that it could be heard plainly for a distance of from four hundred to five hundred feet.

It is settled law that a party approaching a highway from a private driveway must sound his horn and thus give warning of his intention to come into the street without conceding the right of way to approaching traffic (*Uhl* v. *Fertig,* 56 Cal. App. 718 [206 Pac. 467]); and in the circumstances here presented, respondents had the right to assume that appellant Henning would not suddenly increase his speed in crossing the highway in the path of respondents' motorcycle, and would not take the right of way in the absence of warning of his intention so to do. As to respondent Engle, there was evidence, although disputed by other evidence, that he was proceeding lawfully upon the highway, and therefore, if this was true, he was under obligation to sound a horn only in the event it appeared necessary to give a warning. It was for the jury to determine from the evidence whether respond-

ent's failure to sound a horn, under all the circumstances as found by it from such evidence, did or did not constitute contributory negligence on his part.

■ As to appellants' point 2, that the trial court committed prejudicial error in giving instructions numbered 41, 56, 23, 24, 25 and 51, which were requested by the respondents, we have read these instructions together with the other instructions given to the jury, and are of the opinion that the jury was fully and fairly instructed on the various angles of the case and that, if there was any slight error in any of the instructions as given, it was not prejudicial to the appellants.

■ In addition, appellants assert that a portion of instruction numbered 41 submitted the case to the jury on the doctrine of the last clear chance, and that entirely independent of any intrinsic defects in the instruction itself, it was prejudicial error to give an instruction on that doctrine, which was inapplicable to the facts in the case.

The criticized portion of the instruction is as follows: "And if you should find that Mr. Engle realized, or that an ordinarily prudent person under the same or similar circumstances would have realized, that the driver of the said Buick automobile was not going to stop and that he could have stopped his motorcycle and avoided the accident had he tried to do so, still you must find for the plaintiffs if you should find that the driver of said Buick automobile was guilty of some new and independent act of negligence which intervened between the failure of Mr. Engle to stop and the accident, and that said new and intervening act of negligence was the sole and proximate cause of the accident.''

No instruction fully setting forth the doctrine of the last clear chance was asked by appellants, but this criticized instruction apparently was asked by respondents on the assumption that a full instruction on such doctrine would be asked by appellants. The criticized portion of the instruction really gives the jury the law as to when it may disregard the ordinary rule of law contained in the so-called doctrine of the last clear chance. The legal effect of the instruction as it reads is merely that, where the jury finds that some new and independent act of negligence on the part of the defendants was the sole and proximate cause of the accident, and that the accident would not have occurred except for such

new and independent act of negligence, then the doctrine of the last clear chance cannot be invoked by the person or persons whose negligence was the sole and proximate cause of the accident. It was impossible for the court to tell which portion of the evidence would be believed by the jury,— whether that introduced by the defendants or that which was introduced by the plaintiffs. We believe that any possible harm to the defendants by the giving of the instruction is eliminated by the latter portion of the instruction, which, in effect, makes the whole instruction inapplicable, unless the jury found that a new and intervening act of negligence on the part of the driver of the automobile was the sole and proximate cause of the accident.

This is a case in which there is a direct and positive conflict in the evidence introduced. We must assume, therefore, that the jury in rendering its verdict in favor of both of the plaintiffs had in mind all of the evidence introduced on the trial of the action, and must have believed that there was a sudden burst of speed immediately prior to the accident on the part of the automobile driven by appellant Henning, and that the jury concluded such increased speed constituted negligence on the part of said appellant and was the sole and proximate cause of the accident. Otherwise, under the instructions given by the court, the jury would have brought in a verdict in favor of plaintiff Nix only, the passenger on the motorcycle, but against plaintiff Engle, the operator thereof.

The judgments are affirmed.

Doran, J., concurred.

Houser, P. J., concurred in the judgment.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 13, 1936, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 19, 1936. Seawell, J., voted for a hearing.