[Civ. No. 1975. Fourth Appellate District.—November 25, 1936.]

ROBERT THEREN et al., Respondents, v. GLADYS HODOROWICZ, Appellant.

654

 

Gray, Cary, Ames & Driscoll for Appellant.

A. F. Molina for Respondents.

BARNARD, P. J.—This is an action for damages aris-
ing out of a collision between an automobile occupied by the
plaintiffs and another driven by the defendant. After a
verdict in favor of the defendant the plaintiffs made a mo-
tion for a new trial, which was granted. From the order
granting that motion the defendant has appealed.

The collision occurred on August 2, 1935, at the intersec-
tion of Fairmount and Wightman Streets in San Diego. It
was stipulated that this is a fifteen-mile per hour intersection
within the meaning of the obstructed corner provision of the
Vehicle Act. The respondents' car was proceeding south on
Fairmount, a paved street, while the appellant's car was
traveling west on Wightman which was not paved. It ap-
pears without conflict that Robert Theren, who was driving
respondents' car, slowed down to fifteen miles an hour as
he approached the intersection; that when he was about
twenty feet from the intersection he looked to his left and
saw the appellant's car about fifty feet east from the inter-
section; that when he entered the intersection, while going
slightly less than fifteen miles an hour, he again observed
the appellant's car which was then about twenty feet east of
the intersection; that he did not observe how fast the appel-
lant's automobile was coming; that he continued across the
intersection, near the middle of his half of the street, at
fifteen miles an hour or less; that he next saw the appellant's
car when the front of his automobile was five or six feet
south of the center line of Wightman Street, at which time the
other car was five or six feet to his left, and astride the
center line of Wightman; that he accelerated his speed in an
attempt to avoid a collision; that the rear two feet of the
left side of his automobile was struck by the front end of

appellant's car; that respondents' car tipped over on its right side; and that the point of impact was about two feet south of the center line of Wightman Street.

█ The only point raised by the appellant which requires attention is that the court erred in granting a motion for a new trial since the undisputed evidence would not have supported a verdict in favor of the respondents. This is based upon the contention that the driver of the respondents' car was guilty of contributory negligence as a matter of law. It is argued that this conclusively appears for the following reasons: That this driver, as he entered the intersection, observed that the other car had traveled thirty feet after he first saw it while his own car had gone but twenty feet; that he must have known that the other car was coming at a rate of speed one and one-half times greater than his own; that he should have known that the two cars would inevitably come together in the intersection if each maintained its speed; and that, having observed these things, he drove serenely into the path of appellant's car although he could have stopped, turned aside or speeded up sufficiently to have avoided the collision.

The appellant relies on a number of cases from other jurisdictions and on the following cases from this state: *Arnold* v. *San Francisco-Oakland Terminal Rys.*, 175 Cal. 1 [164 Pac. 798], *New York Lubricating Oil Co.* v. *United Railroads,* 191 Cal. 96 [215 Pac. 72], *Bagwill* v. *Pacific Elec. Ry. Co.,* 90 Cal. App. 114 [265 Pac. 517], *Ogden* v. *Lee,* 61 Cal. App. 493 [215 Pac. 122], and *Cummins* v. *Yellow & Checker Cab Co.,* 127 Cal. App. 170 [15 Pac. (2d) 536]. Because of the different facts involved, none of these cases have any application here with the exception of the one last cited, which supports the conclusion that the question of contributory negligence here involved was one of fact rather than one of law.

According to the undisputed evidence the driver of respondents' car entered the intersection at a lawful rate of speed at a time when the other car was twenty feet back from the intersection. He had the right of way and if it be assumed that he should have made the mathematical calculation which the appellant suggests, it only would have disclosed to him that the other car was coming at a speed one and one-half times greater than his, or some twenty-two or

twenty-three miles per hour. The other car was then about forty-five feet from the center of the intersection and no good reason appears why it could not have been stopped or why Theren should have foreseen that it would not be stopped or its speed reduced. This case comes squarely within the principles laid down in *Leblanc* v. *Coverdale,* 213 Cal. 654 [3 Pac. (2d) 312]; *Page* v. *Mazzei,* 213 Cal. 644 [3 Pac. (2d) 11]; *Briggs* v. *Koyer,* 138 Cal. App. 487 [32 Pac. (2d) 649]; *Shamlian* v. *Minardi,* 123 Cal. App. 495 [11 Pac. (2d) 402]. The question of contributory negligence was one of fact and the granting of a new trial was within the discretion of the trial court.

The order appealed from is affirmed.

Marks, J., and Jennings, J., concurred.