[Civ. No. 17137. Second Dist., Div. Three. Apr. 4, 1950.]

MARIA RODRIGES TRANCOSO et al., Respondents, v. YSIDRO TRANCOSO, Appellant.

James Ayers for Appellant.

Ernest Best for Respondents.

VALLÉE, J.—Appeal by defendant Ysidro Trancoso from a judgment decreeing that title to certain real property is held by Maria and Ysidro Trancoso in trust and that Ysidro has a lien thereon for $1,500.

Maria Trancoso is the mother of all the other parties plaintiffs and defendants. October 24, 1924, Geronimo Trancoso and Maria Trancoso conveyed the property to Maria Trancoso and Ysidro Trancoso as joint tenants. The complaint alleged, and the court found and decreed, that the conveyance was in fact in trust and that Maria and Ysidro Trancoso held title for the use and benefit of all the plaintiffs and defendants or the survivor or survivors of them. Ysidro Trancoso alone appeals from the judgment.

Appellant's assignments of error are: 1. The court operated under a mistake of law in its belief that it could not strike an exhibit offered by plaintiffs, which exhibit went in evidence without objection. 2. The evidence is insufficient to support the findings.

At the trial plaintiffs offered a document in evidence. It was received without objection. Later appellant moved to strike it. The motion was denied. As we read the record, the learned trial judge did not deny the motion because he was laboring under the mistaken view that he could not grant it for the reason the document had been received in evidence without objection. A trial judge, of course, in his discretion may entertain and grant a motion to strike evidence which should not have been received, even though no objection was made to its reception. It appears that the motion was denied because the judge believed the document had been properly admitted in the first instance.

The contention that the evidence is insufficient to support the findings is based on the assertions that "the testimony of Maria Trancoso is inherently improbable," the evidence is not clear and convincing, and the quantum of proof should "be carefully scrutinized." Without a review of the evidence or reference to the transcript appellant asks us to make a "critical examination of the record." It is not incumbent on a reviewing court to make a "critical" or any other search of the record to determine whether the evidence supports the findings. It is the duty of appellant to show in his brief wherein the evidence does not support the findings. (*Wieczorek* v. *Texas Co.*, 45 Cal.App.2d 450, 457 [114 P.2d 377].)

Testimony is not inherently improbable unless it appears that what has been related or described could not have

occurred. (*People* v. *Klinkenberg*, 90 Cal.App.2d 608, 627 [204 P.2d 47, 613].) "To warrant the rejection of the statements given by a witness who has been believed by a trial court, there must exist either a physical impossibility that they are true, or their falsity must be apparent without resorting to inferences or deductions. [Citations.] Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends." (*People* v. *Huston*, 21 Cal.2d 690, 693 [134 P.2d 758].)

The rule that to establish a particular fact the evidence must be clear and convincing is directed to the trial courts. Whether the evidence is clear and convincing must be determined by the trial court and a reviewing court must accept that determination as conclusive if there is substantial evidence to support it. (*Baines* v. *Zuieback*, 84 Cal.App.2d 483, 488 [191 P.2d 67].)

We have examined the record and find nothing in the testimony of Maria Trancoso that could not have occurred. There is substantial evidence to support the determination of the trial court.

Affirmed.

Shinn, P. J., and Wood, J., concurred.