[Civ. No. 4044.   Fourth Dist.   May 4, 1950.]

FRESNO CITY LINES, INC. (a Corporation) et al., Respondents, v. J. P. HERMAN, Appellant.

Louis J. Coelho for Appellant.

Dearing, Jertberg & Avery and Harold A. Parichan for Respondents.

MUSSELL, J.—Action for personal injury and property damages arising out of an intersection collision of motor vehicles.

Defendant appeals from a judgment for plaintiffs in an action brought to recover damages to a bus owned by plaintiff Fresno City Lines, Inc., and for damages for personal injuries sustained by plaintiff James W. Crane, who was driving the bus at the time of the collision.

A jury trial was had which resulted in a verdict for the plaintiff bus company in the sum of $4,484.65 and in favor of plaintiff Crane for $1,700.

The collision occurred at 5:30 p. m., February 14, 1948, at the intersection of Modoc Street and Hawes Avenue in Fresno. Modoc Street extends north and south and Hawes Avenue east and west. At the time of the accident plaintiff Crane was driving the bus in a southerly direction on Modoc Street and defendant Herman was driving his automobile in an easterly direction on Hawes Avenue. The two vehicles collided at a point in the intersection approximately 3 feet north of the south curb line of Hawes Avenue and 22 feet east of the west curb line of Modoc Street.

Crane approached the intersection at a speed of 15 to 17 miles per hour and when 10 to 15 feet north of the intersec-

tion, slowed down to approximately 10 to 15 miles per hour, looked to the right and left and then saw defendant's automobile approaching in an easterly direction on Hawes Avenue, approximately 100 feet from the intersection. Crane was unable at this point to estimate the speed of defendant's car, but, believing that the defendant would stop, he proceeded into the intersection. When the bus had reached the position of about 8 feet south of the north curb line of Hawes Avenue, the defendant's car was about 50 feet west of the west curb line of Modoc Street. Crane then attempted to avoid the accident by accelerating his speed to get out of the intersection and by turning slightly to the left to permit the defendant to turn right and south on Modoc Street. The vehicles collided and the front of defendant's car struck and embedded itself into the side of the bus at about the right front wheel thereof. This impact damaged the steering mechanism of the bus and forced it to run headon and out of control into a located tree on the east side of Modoc Street between the curb line and sidewalk and approximately 40 feet south of the point of impact.

Plaintiffs suffered their respective damages both by reason of the original collision and from the effect of the bus striking the tree.

Defendant contends that the judgment should be reversed and argues that the plaintiffs were guilty of contributory negligence; that erroneous instructions were given to the jury; that the trial court erroneously admitted in evidence a map or diagram; that the damages awarded were excessive; and that the trial court erred in refusing to permit the defendant to read plaintiff James W. Crane's deposition during his cross-examination.

Defendant's first contention is that the weight of the evidence shows that plaintiffs were guilty of contributory negligence in that Crane did not apply the brakes on the bus; that he did not blow his horn or give any other warning of impending danger; that he attempted to "beat" the defendant through the intersection and that he increased the severity of his injuries and damage to the bus by failing to apply his brakes after the impact.

Several witnesses testified that the bus had entered the intersection when the defendant's automobile was still approximately 50 feet away from it. Plaintiff Crane, in such circumstances, had the right of way. (Veh. Code, § 550 (a).) Whether Crane, after observing the approaching car of de-

fendant, was justified in then proceeding across the intersection was a question of fact for the jury. (*Couchman* v. *Snelling*, 111 Cal.App. 192, 196 [295 P. 845] ; *Page* v. *Mazzei*, 213 Cal. 644 [3 P.2d 11] ; *McQuigg* v. *Childs*, 213 Cal. 661, 663 [3 P.2d 309] ; *Theren* v. *Hodorowicz*, 17 Cal.App.2d 653, 656 [62 P.2d 749].) Likewise, the question of whether plaintiff Crane should have applied his brakes before and after the collision presented a factual question. (*Enz* v. *Johns*, 112 Cal.App. 1, 5, 6 [296 P. 115] ; *Pewitt* v. *Riley*, 27 Cal. 2d 310, 317 [163 P.2d 873].) In this connection, there is substantial evidence that the control mechanism of the bus was damaged by the impact; that Crane had no control of the vehicle; that its front wheels were locked and that there was no time to apply the brakes. Even if Crane had been able, and had time, to apply his brakes after the impact, his failure to do so would not have constituted contributory negligence under the law. (*Swartz* v. *Acme Express & Drayage Co.*, 102 Cal.App. 615, 618, 619 [283 P. 358].)

It is conceded that Crane did not blow the horn on the bus, but defendant, by his own admission, was aware of the approaching bus and saw it when he was 50 to 60 feet from the intersection. It is apparent that since the defendant saw the bus coming, there was no necessity for the blowing of the horn and the failure so to do cannot be said to have been a proximate cause of the accident nor was it an omission which constituted negligence as a matter of law. (*Giovannoni* v. *Union Ice Co.*, 108 Cal.App. 190, 192, 193 [291 P. 461] ; *Nix* v. *Woodworth*, 11 Cal.App.2d 322, 325, 326 [53 P.2d 765].)

It is argued that plaintiff Crane increased the severity of his injuries by negligently failing to bring the bus to a stop immediately after the collision; that the bus was overloaded and was being driven at an excessive speed and that it was not equipped with a proper horn. These were all questions of fact for the jury and it was within the province of the jury to determine whether such acts, if true, constituted a proximate cause of the collision.

The burden of proving contributory negligence was upon the defendant and the rule is that contributory negligence is not established as a matter of law unless the only reasonable hypothesis is that such negligence exists; that reasonable or sensible men could have drawn that conclusion and none other; that where there are different inferences that may be drawn, one for and one against, the one against will be fol-

lowed; and that before it can be held as a matter of law that contributory negligence exists, the evidence must point unerringly to that conclusion. (*Anthony* v. *Hobbie*, 25 Cal.2d 814, 818 [155 P.2d 826]; *Pewitt* v. *Riley*, 27 Cal.2d 310, 316 [163 P.2d 873]; *Jacoby* v. *Johnson*, 84 Cal.App.2d 271, 274 [190 P.2d 243].) ▇ We cannot say that the evidence before us is such that the sole inference to be drawn is one of plaintiffs' negligence which proximately contributed to their injuries and damages. The question, therefore, is one of fact and the finding of the jury thereon will not here be disturbed.

Defendant's second contention is that certain instructions were erroneous. They are as follows:

"Each side in this action claims to be entitled to damages from the other, the plaintiffs under their complaint, and the defendant, as cross-complainant, under his cross-complaint. The burden is upon each party to prove by a preponderance of the evidence that the opposing party was negligent and that such negligence was a proximate cause of the accident in question."

"If you find that both sides were negligent and that the negligence of each was a proximate cause of the accident, then neither side may recover, because each then would have a good defense of contributory negligence.

"But if you find that one side was free from negligence that contributed in any degree as a proximate cause of the collision, and that the opposing party was guilty of negligence which was a proximate cause of the accident, then the former is entitled to recover compensation for his or its damages from the latter, and you will thereupon assess such damages."

▇ The objection to these instructions is apparently made on the theory that they would require the jury to find against both plaintiffs if either of them was contributorily negligent and that the jury was required to find against the plaintiff Crane even though only the plaintiff Fresno City Lines was contributorily negligent and that both plaintiffs were put on a "side." However, the jury found that the plaintiffs were not contributorily negligent and there is no evidence in the record from which the jury could have found that there was any contributory negligence on the part of Fresno City Lines, Inc. (apart from negligence imputed to it from the contributory negligence of Crane, if any) which was the proximate cause of the collision. Since it was admitted that Crane neither attempted to apply the brakes on the bus, nor to blow the horn, a defect in either the brakes or the horn could not

be a proximate cause of the collision. Furthermore, the court gave the following instruction:

"Although there are two plaintiffs in these consolidated actions, the case of each is separate from and independent of, that of the other. The law permits them to join as plaintiffs solely because their claims involved the same accident. However, their rights, if any, are separate, not joint. The instructions given you apply to each plaintiff unless otherwise stated, and you will determine each plaintiff's case separately, to the same effect as if you were trying two separate actions."

It is conceded that this instruction is a correct statement of the law. Since the jury was told that the instructions applied to each plaintiff unless otherwise stated and that each plaintiff's case should be determined separately to the same effect as if two separate actions were being tried, we can find no reversible error in the instructions complained of. The two instructions were modifications of similar instructions offered by the defendant and as modified and given, they were more favorable to the defendant than those requested by him. Under such circumstances, the defendant may not complain. (*Wright* v. *Foreman,* 86 Cal.App. 595, 603, 604 [261 P. 481]; *Holcomb* v. *Long Beach Investment Co.,* 129 Cal.App. 285, 295 [19 P.2d 31]; *Pozzobon* v. *O'Donnell,* 1 Cal.App.2d 151, 154 [36 P.2d 236]; *Kashevaroff* v. *Webb,* 73 Cal.App.2d 177, 183 [166 P.2d 306].)

Defendant complains that the court erred in refusing to give defendant's offered instruction in the language of Vehicle Code section 670 (a) (table of stopping distances). Where, as here, there is no evidence to show that the brakes were defective or that the condition of the brakes was a cause of the collision, there was no error in refusing the instruction. (*Craig* v. *Boyes,* 123 Cal.App. 592, 598 [11 P.2d 673]; *Lombard* v. *Swall,* 2 Cal.App.2d 59, 63 [37 P.2d 696]; *Ketchum* v. *Pattee,* 37 Cal.App.2d 122, 129 [98 P.2d 1051].)

Plaintiff's contention that the trial court erroneously admitted in evidence the map or diagram is without merit. The map or diagram was a pen and ink drawing of what purported to be the intersection in question. While it was not drawn to scale, the figures on it were correct as to dimensions and the diagram was clearly explained. Witnesses testified as to the width of the streets between the curb lines. Marks on the diagram were placed thereon in open court by the witnesses illustrating their testimony and depicting the relative

position of objects with respect to each other and to the intersection. The diagram was received in evidence for illustrative purposes only and there was no error in its admission. (*Silvey* v. *Harm*, 120 Cal.App. 561, 570, 571 [8 P.2d 570].)

Defendant next contends that the damages awarded were excessive. In this connection there was substantial evidence that the reasonable cost of repairing the damaged bus was the sum of $2,984.65. This amount was less than the difference between the market value of the bus immediately before and immediately after the injury to it and is the correct measure of damages under the circumstances. (*Menefee* v. *Raisch Improvement Co.*, 78 Cal.App. 785 [248 P. 1031]; *Marshall* v. *Golden State Milk P. Co.*, 113 Cal.App. 43 [297 P. 109]; *Moore* v. *Levy*, 128 Cal.App. 687 [18 P.2d 362]; *Valencia* v. *Shell Oil Co.*, 23 Cal.2d 840 [147 P.2d 558].) In addition to the cost of repairs, plaintiff Fresno City Lines .was, under the evidence, entitled to damages for loss of use during the time necessarily consumed in making the proper repairs. There was evidence that the use of the bus was lost for 125 days during the time it was being repaired and that the reasonable rental value of the vehicle was in excess of $25 per day. The testimony would have supported a greater amount than that awarded by the jury and we find no merit in the contention that the damages awarded were excessive, nor do we find any merit in defendant's contention that the damages awarded plaintiff Crane were excessive because of his alleged contributory negligence after the impact, which increased or aggravated the damages. There was no finding of contributory negligence as against plaintiff Crane.

Finally, it is contended that the court erroneously refused to permit counsel for defendant to read the entire deposition of plaintiff Crane during his cross-examination. Crane was called as a witness for plaintiffs and on cross-examination, counsel for defendant was properly permitted to read for purposes of impeachment those portions of the deposition which he considered contradictory or at variance with his testimony. To read those portions of the deposition which were not contradictory to his testimony was not permissible on cross-examination. (*People* v. *Lambert*, 120 Cal. 170, 175, 176 [52 P. 307].) The court had discretion to regulate the order of proof at the trial. (Code Civ. Proc., § 2042; *Kern County Finance Co.* v. *Iriart*, 26 Cal.App.2d 483, 487 [79 P.2d 763].)

There is no indication in the record that the court refused

or would have refused to permit the reading of the entire deposition as a part of defendant's case. In fact, the court suggested to counsel that the deposition might be offered when presenting his own case. The ruling was proper.

Judgment affirmed.

Griffin, Acting P. J., and Shepard, J. pro tem., concurred.