[Civ. No. 17592.    Second Dist., Div. Three.    Nov. 13, 1950.]

WALTER COX, Appellant, v. CITY OF LOS ANGELES, Respondent.

William Jerome Pollack and Vivian M. Feld for Appellant.

Ray L. Chesebro, City Attorney, Bourke Jones, Assistant City Attorney, and Edwin F. Shinn, Deputy City Attorney, for Respondent.

VALLÉE, J.—This is a companion case to *McGowan* v. *City of Los Angeles, post,* p. 386 [223 P.2d 862]. It was tried with the McGowan, McFadden and Estes cases. The jury found for the defendant. As we said in the McGowan case, the verdict in this case obviously was predicated on the finding that Cox, the driver of the car, was guilty of contributory negligence. Plaintiff appeals from the judgment.

The assignments of error are: (1) The implied finding that Cox was guilty of contributory negligence is not supported by the evidence. (2) Errors in declining to give, and in giving, instructions.

In the McGowan case, the evidence was stated in the light most favorable to the plaintiffs. In this case, it is stated in the light most favorable to defendant.

There was evidence from which the jury reasonably could have inferred that Cox did not stop at the intersection. ▊ A "Vehicle Accident Report" of the Department of Motor Vehicles (prepared by police officers who were not present at the scene until after the accident) was offered by plaintiff and received in evidence. The report states that Cox "Disregarded stop sign or signal." The report, in this respect, was hearsay; but as it was offered in evidence by plaintiff, he is bound by it on appeal. ▊ In determining the sufficiency of the evidence to sustain the verdict, we must consider incompetent evidence introduced by the party here asserting that the evidence is insufficient. (2 Cal.Jur. 804, § 473.) ▊ A witness produced by defendant as an expert testified in response to a hypothetical question that "The speed of the two cars was. the same—approximately the same, within eight to ten miles of the same speed." The jury could have inferred from this evidence, in the light of the testimony that the police car was traveling 45 to 60 miles an hour, that the Cox car was also traveling 45 to 60 miles an hour, and that it did not stop at the intersection. Appellant does not contend, as one of his points for reversal, that it was error to admit the testimony of this witness in evidence, but argues that his testimony was inherently improbable. We do not, therefore, pass upon the admissibility of the testimony of this witness. (See *Moore* v. *Norwood,* 41 Cal.App.2d 359 [106 P.2d 939], and cases there cited.) We cannot say, as a matter of law, that his testimony was inherently improbably. ▊ Testimony is not inherently improbable unless it appears that what was related or described could not have occurred. (*Trancoso* v. *Trancoso,* 96 Cal.App.2d 797, 798 [216 P.2d 172].) "To warrant the re-

jection of the statements given by a witness who has been believed by a trial court [jury], there must exist either a physical impossibility that they are true, or their falsity must be apparent without resorting to inferences or deductions." (*People* v. *Huston,* 21 Cal.2d 690, 693 [134 P.2d 758].)

■ We cannot say, as a matter of law, that the implied finding that Cox was guilty of contributory negligence is not supported by the evidence.

The court declined to give the following instruction tendered by plaintiff: "In regard to the case of Walter Cox plaintiff vs. the City of Los Angeles, defendant, there is no evidence whatsoever either that Charles Cox was intoxicated, or that he was under the influence of intoxicating liquor or that he even had any intoxicating liquor to drink at any time before the accident." Plaintiff says that there was no such evidence. Defendant does not suggest that there was. We think that under the peculiar circumstances of this case it was prejudicial error to decline to give this instruction.

As we have noted, this case was tried with the McGowan, McFadden and Estes cases, pursuant to an order of consolidation made on motion of defendant. The answer in the Cox case alleged that Cox was contributively negligent in that at the time of the accident he was under the influence of intoxicating liquor. Each answer in the other three cases alleged that those plaintiffs were contributively negligent in that they rode with Cox knowing that he was under the influence of intoxicating liquor. The court so instructed the jury and further instructed that "Before the defense of contributory negligence as thus alleged is established, it will be necessary for you to answer the following questions: (1) Was Charles Cox driving his automobile while under the influence of intoxicating liquor? If you find that he was not, then Elijah McGowan, Jessie Estes and Cleven McFadden, Jr. were not guilty of contributory negligence in the manner alleged in the portion of the answers quoted above. But if you find that Charles Cox was driving his automobile while under the influence of intoxicating liquor, insofar as the passengers Estes, McGowan, and McFadden are concerned, you will still have a second issue to determine.

"(2) Was that intoxication of Cox a proximate cause of the accident? If, in this connection, you find that he was intoxicated, but that his intoxication had nothing to do with the happening of the accident, that is to say was not a proximate cause of the accident, then you will again find that Estes,

McGowan and McFadden were not guilty of contributory negligence as above alleged. If, however, you determine that Cox was in fact driving his automobile while under the influence of intoxicating liquor and if you determine that his intoxication was a proximate cause of the death and injuries complained of, you will still have to answer the question: Did plaintiffs Elijah McGowan, Jessie Estes and the deceased, Cleven McFadden, Jr., know or in the exercise of ordinary care should they have known that the driver Cox was intoxicated? If your answer to this question is 'yes', and if you further find that a reasonably prudent person would not have ridden with Charles Cox in that condition, then you will find that said guests were guilty of contributory negligence.'' The jury was further told that it is unlawful for any person who is under the influence of intoxicating liquor to drive a vehicle upon any highway (Veh. Code, § 502), and that a violation was negligence, as a matter of law. The phrase ''under the influence of intoxicating liquor'' was defined to them.

Defendant offered, and there were received in evidence, two statements, one of which purportedly was signed by Estes and one by McGowan. In each there were recitals to the effect that Cox had been drinking. We should say that Estes and McGowan are both illiterate: Estes can only read and write his name; McGowan can only write his name and read a few simple, common words. The statements were taken by an investigator for defendant when Estes and McGowan were in the hospital on the fifth day after the accident. They were in the handwriting of the investigator. The recitals to the effect that Cox had been drinking were not read to them. The statements were repudiated by Estes and McGowan at the trial. They constituted substantive proof by way of an admission in the Estes and McGowan cases. (*Hall* v. *Ferguson*, 8 Cal.App.2d 444, 446 [47 P.2d 1073].) In the Cox case they could only be considered for the purpose of impeachment of Estes and McGowan and could not be considered as independent evidence of any fact to which the impeaching evidence related. (*Blanton* v. *Curry*, 20 Cal.2d 793, 809 [129 P.2d 1]; *Kroplin* v. *Huston*, 79 Cal.App.2d 332, 343 [179 P.2d 575].) This confusing situation then existed: In the Estes and McGowan cases there was evidence that Cox had been drinking and that he had operated his car while under the influence of intoxicating liquor. In the Cox case there was no such evidence.

Referring to the label on the bottle purportedly containing blood to which we referred in *McGowan* v. *City of Los Angeles*,

*post*, p. 386 [223 P.2d 862], a witness called by defendant was asked by its counsel and the witness answered ''Q. What person's name was on the label? A. Specifically the bottle was labeled or marked 'Charles Cox, 7-27-47, 4:15 A.M., Boggs & Mashmeyer's Wilshire Funeral Home. Krieger. Mashmeyer. Alcohol.' '' There are 18 pages of discussion which occurred in the presence of the jury relative to the admissibility of the paper ''Blood alcohol determination.''

The combination of circumstances we have outlined gave great emphasis to defendant's theory that Cox was intoxicated. We have no doubt that the jury was confused as to the state of the evidence in this, the Cox case. The confusion resulted from the consolidation and trial of this case with the other three cases. In view of the fact that there was no evidence in the Cox case that he was intoxicated, or that he had had any intoxicating liquor before the accident, the requested instruction should have been given.

The court, at the request of defendant, read to the jury section 670 of the Vehicle Code which provides that a motor vehicle shall be equipped with brakes adequate to bring it to a complete stop within a limited number of feet when operated at specified speeds on designated surfaces. The jury was told that a violation of this statute was negligence as a matter of law. Plaintiff assigns error. There was no evidence that Cox was operating his car with inadequate brakes, nor from which an inference to that effect could be drawn, nor that failure of the brakes caused or contributed to the accident. This instruction was not applicable to the facts and was misleading to the jury. We are of the opinion that it was error to give it. (*Lombard* v. *Swall*, 2 Cal.App.2d 59, 63 [37 P.2d 696]; *Ketchum* v. *Pattee*, 37 Cal.App.2d 122, 129 [98 P.2d 1051]; *Moore* v. *Miller*, 51 Cal.App.2d 674, 683 [125 P.2d 576]; *Fresno City Lines, Inc.* v. *Herman*, 97 Cal.App.2d 366, 371 [217 P.2d 987].)

At the request of defendant, the court read to the jury section 596 of the Vehicle Code which provides that no person shall drive a vehicle ''when there are in the front seat such number of persons as to obstruct the view of the driver to the front or sides of the vehicle or as to interfere with the driver's control over the driving mechanism of the vehicle.'' Plaintiff assigns error. There was no error. There was evidence that thre persons of an average weight of 150 pounds occupied the front seat—50 inches wide—of the Cox car. This evidence was sufficient to warrant the giving of the in-

struction. (*Linde* v. *Emmick,* 16 Cal.App.2d 676, 684 [61 P.2d 338].)

The court, at the request of defendant, gave the following instruction: "You are instructed that under the laws and statutes of the State of California in full force and effect on the 26th and 27th days of July, 1947, it was lawful for the owners and operators of the Elks Club to sell, give or deliver for consumption on said premises beer containing more than one-half of one percent of alcohol by volume and fit for beverage purposes between the hours of twelve o'clock, midnight on July 26, 1947, and two o'clock A.M. on July 27, 1947." Plaintiff assigns error. The evidence of plaintiff showed that beer was being sold at the Elks Club (not the fraternal order) up to 12 o'clock midnight on July 26, 1947, and that some of the plaintiffs, other than Cox, had consumed beer there. The plaintiff's evidence was also that no beer was sold at the club that night after 12 o'clock midnight. The credibility of these witnesses was in issue and defendant was entitled to have the jury told that it was lawful for the club to sell beer between midnight on July 26 and 2 a.m. on July 27. (*Morris* v. *Morris,* 84 Cal.App. 599, 604 [258 P. 616].) In any event, the instruction did not tell the jury anything that is not a matter of common knowledge, and was not prejudicial.

The evidence of defendant's negligence was overwhelming and most convincing. The fact that the jury found for the other three plaintiffs connotes that they found that defendant's negligence was a proximate cause of the collision. As we have said, the verdict for defendant in the present case must have been predicated on a finding that Cox was negligent. The evidence of negligence on his part was meager. There was no evidence that he was intoxicated or that he had been drinking. It is probable that the implied finding of contributory negligence was based on the evidence in the Estes and McGowan cases. The error in refusing to give the instruction with respect to the state of the evidence as to the intoxication of Cox, and in giving the instruction with respect to the requirements for brakes, clearly prejudiced the rights of plaintiff and may well have caused a miscarriage of justice. The errors were not, in our opinion, cured by general instructions that contradictory statements of a witness could only be considered for the purpose of testing the credibility of the witness, that if the witness is a party to the action the statement constituted an admission, and that the law assumes that Cox was exercising ordinary care. We cannot say that if

these errors had not occurred the result would not have been different. Under these circumstances, the judgment must be reversed.

Reversed.

Wood (Parker), J., concurred.

SHINN, P. J.—I concur in the judgment and in the opinion with this reservation: I have read the lengthy testimony of the expert witness who looked at photographs of the wrecked cars, applied to what he observed thereon the discoveries of Sir Isaac Newton, and formed certain opinions as to the speeds of the two cars. One of them was that the Cox car was traveling 8 miles an hour faster than the police car, which, I think, was pure speculation. Everyone seems to have been more or less confused by the deductions and explanations of the witness. I find nothing in his testimony, or in the record, which would furnish a reasonable basis for a finding that the Cox car did not stop at the intersection or that Cox was guilty of contributory negligence.

A petition for a rehearing was denied December 12, 1950, and respondent's petition for a hearing by the Supreme Court was denied January 11, 1951.