[Civ. No. 7296. First Appellate District, Division Two.—June 6, 1930.]

FRANCESCO LUCCHESE, Respondent, v. JOHN SPIN-GOLA, Appellant.

Joseph E. Reardon, Benjamin F. Curtaz and L. Siedenburg for Appellant.

H. H. Eaton and Carroll A. Gordon for Respondent.

STURTEVANT, J.—This is an appeal by the defendant, John Spingola, from the same judgment that was under consideration in the case of *Lucchese* v. *San Francisco-Sacramento R. R. Co., ante,* p. 242 [289 Pac. 188].

The defendant Spingola asserts that in finding number 12 the court finds all the elements constituting the doctrine of the last clear chance, that said doctrine presupposes that the plaintiff has been guilty of contributory negligence, and, therefore, this plaintiff may not recover against this defendant. Whatever is contained in said finding is addressed to the truck and the train and their drivers. It contains nothing about this plaintiff. Conceding, for the purposes of the argument, that said finding holds that Spingola was guilty of contributory negligence it will not be claimed that his negligence was imputable to this plaintiff. In another finding the court held this plaintiff was not guilty of contributory negligence. There is no conflict.

However, this defendant says the latter finding is not supported by the evidence. He intimates that plaintiff and Spingola were drunk. He quotes the witness Skaggs to the effect that immediately before the accident they were engaged in loud, boisterous talking and therefore heedless of their surroundings. But the plaintiff testified to a contrary story. The conflict was for the trial court and is not to be disturbed by a court of appeal.

It is claimed the plaintiff was negligent because he did not jump out of the truck. He was under no duty to jump before he apprehended danger. He testified that he did not remember anything because he was knocked unconscious. He was seated on the front seat beside the

driver. The cab had doors and curtains. The latter were fastened. The plaintiff was not familiar with the road. He testified he did not see the track nor the signs. No time arose, therefore, when he was called upon to jump. Moreover the truck was traveling not less than fifteen miles and up to twenty-five or thirty miles per hour. At least during a part of the time, no duty rested on the plaintiff to make a perilous jump in order to free himself of the charge of contributory negligence.

■ The trial court made a finding that the plaintiff was unable to read the English language and was unfamiliar with the meaning and import of railroad precautionary signs. The defendant claims that finding was not supported by the evidence. We are not clear that it was not supported. However, it was not an issue made by the pleadings, but was merely a finding of a probative fact. Assuming that the plaintiff saw the signs and understood each one there was nothing showing that he knew that the defendant Spingola would not stop in due time. It is clear, therefore, that the finding of fact complained of was not injurious to the defendant. As to the appeal of this defendant we find no° error in the record.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.