[Civ. No. 7328.  First Appellate District, Division Two.—June 6, 1930.]

FRANCESCO LUCCHESE, Respondent, v. SAN FRANCISCO–SACRAMENTO RAILROAD COMPANY (a Corporation), Appellant.

F. M. Angellotti and C. W. Dooling for Appellant.

H. H. Eaton and Carroll A. Gordon for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendants to recover a judgment for damages for injuries sustained in a collision. Both defendants answered and the trial was had before the trial court sitting without a jury. The trial court made findings in favor of the plaintiff and each defendant has appealed separately and each has brought up a typewritten record including the original exhibits.

Appeal of San Francisco-Sacramento Railroad Company.

On the afternoon of the twenty-third day of December, 1927, John Spingola was driving his truck on which he had a load of furniture. He was seated on the left-hand side and the plaintiff, his helper, was seated at his right. The cab of the truck had a glass window in front and on the right-hand side it had a door. The door was closed and on the right-hand side an ordinary automobile curtain was fastened down. The curtain had a small square look-out which resembled glass but was an imitation. After the truck left Bay Point in Contra Costa County it proceeded toward Oakland. In a short distance the highway on which it was traveling crosses the railroad track of the defendant. When the truck was approximately fifteen hundred feet from the railroad track one of the trains of the defendant was approaching from Sacramento and traveling toward Oakland and at that time was approximately two thousand feet from the crossing. The truck was traveling fifteen or sixteen miles an hour and the train was traveling thirty-five to forty miles an hour. Each was in clear view of the other. They were approaching each other on an angle of apparently sixty degrees. Immediately ahead of the truck were four distinct signs. One is a California State Automobile sign which is a combination indicating a railroad crossing and a left-hand turn ahead. The next sign is an elevated cross-arm. The next one is apparently a county or state sign, "Slow—Turn." The last one is another elevated cross which is apparently on the further side of the

railroad crossing. But all of said signs are clearly within the vision of one traveling on the highway. The approaching railroad train gave several signals with its whistle. However, the truck did not reduce its speed and a collision occurred at the crossing.

The defendant corporation attacks finding number 12, which is the only finding which purports to charge it with negligence. That finding purports to find the defendant guilty under the doctrine of the last clear chance. In this attack the defendant is clearly right. The uncontradicted evidence is to the effect that the motorman had no reason to believe that danger of a collision existed until the motorman was within two hundred feet of the crossing and the truck in which the plaintiff was riding was about the same distance from the crossing. At that point the motorman threw loose the "dead-man" and stopped the train in the shortest distance possible by the use of that method.

The plaintiff replies that there was another method for stopping the train which would have slowed it down but more abruptly and he argues that the latter method was not adopted because the use of the other method might have thrown some of the passengers to the floor and injured them. If the reason for selecting the method of stopping the train was as claimed, the reason was sound. The defendant owed to its passengers the first duty and that was to exercise the utmost care for their safety. To the plaintiff it owed the duty of exercising ordinary care. It did so. The plaintiff may not complain. Moreover, if the second method had been adopted the evidence shows that under the same set of facts the accident might have been worse. The motorman was confronted with an emergency. The evidence does not show that he did not exercise the care an ordinary man would have exercised under similar circumstances.

As it is not claimed that this defendant was guilty of any other kind of negligence the judgment as to the Railroad Company must be reversed.

It is so ordered.

Nourse, P. J., and Spence, J., concurred.