[Civ. No. 512. Fourth Appellate District.—November 20, 1931.]

CARL KOEPPEL et al., Appellants, v. SALVATORE DALUISO, Respondent.

Swing & Wilson and Fred A. Wilson for Appellants.

Harry D. Parker for Respondent.

MARKS, J.—Appellants are husband and wife. At about 1:30 o'clock on the afternoon of October 22, 1929, May Koeppel was injured by either running into or being struck by an automobile driven by respondent on Third Street in the city of San Bernardino, at a point within what is designated as the central traffic district by ordinances of the city of San Bernardino. This action was brought to recover damages for the injuries suffered by appellants. A jury returned a verdict in favor of respondent, and, after the denial of their motion for new trial, this appeal was taken from the judgment.

Third Street is a main business street of the city of San Bernardino extending east and west with a street-car track in its center. Mrs. Koeppel, who, with her husband, lived in the westerly part of San Bernardino County, left a store on the southerly side of Third Street and proceeded north-westerly across the street at a point between street intersections to catch a bus going westerly on the northerly side of the street. Several automobiles were parked at an angle to the southerly curb line of Third Street on both sides of the place where Mrs. Koeppel left the sidewalk.

Respondent was driving his automobile easterly on the southerly half of Third Street and first saw Mrs. Koeppel when she came out from behind the rear of one of the parked cars and was at a distance of about ten feet from him. He sounded his automobile horn, swerved his car to his left and applied his brakes, but did not avoid a collision with her. According to his version of the accident, it occurred south of the south street-car rail and on the right-hand half of Third Street from the direction in which he was traveling. He testified that Mrs. Koeppel walked into the right-hand side of his automobile at a point where her head came into contact with a glass wind wing attached to the outside of the right front door. Mrs. Koeppel testified that she looked in both directions before leaving the sidewalk and, when she had proceeded into the street just beyond the rear of the parked automobiles, did not see respondent's approaching automobile. She further testified that the accident happened north of the center line of Third Street and that she was struck by the right front fender of respondent's automobile.

Appellants urge two grounds for a reversal of the judgment; first, that the court erred in admitting in evidence an ordinance regulating pedestrian traffic within the central traffic zone in the city of San Bernardino, and, second, that the court erred in giving an instruction to the jury requested by respondent.

Appellants base their arguments in support of their claim of error on the admission of the ordinance in evidence, upon the ground that its sole purpose was to establish contributory negligence on the part of Mrs. Koeppel and that contributory negligence was not properly pleaded by respondent.

It must be admitted that the attempt on the part of respondent to plead contributory negligence was most artificial, however it is clear that such an attempt was made. The case was tried upon the theory that contributory negligence was an issue and appellants did not demur to the pleadings of respondent. In the opening statement of counsel for respondent it was clearly stated that he relied upon the defense of contributory negligence. Much evidence was introduced upon this issue. Instructions were proposed by both parties and given by the court on the question of contributory negligence. Under these circumstances we cannot hold that the defective pleading of this defense was sufficiently prejudicial to appellants to require a reversal of the judgment under the authority of *Schuh* v. *R. H. Herron Co.*, 177 Cal. 13 [69 Pac. 682, 684], where it was said: "The plaintiff contends that the ruling cannot be reviewed, because, as he claims, there was no issue on the subject of contributory negligence, pointing out that the only allegation thereof in the answer was that the injury to plaintiff 'was solely and proximately caused by the failure of plaintiff to exercise ordinary care on his own behalf for his own safety', and, further, that 'the negligence of plaintiff and his failure to exercise ordinary care on his own behalf for his own safety contributed to any injury or damage suffered by plaintiff'; in support of which claim he refers to *Crabbe* v. *Mammoth etc. Co.*, 168 Cal. 505 [143 Pac. 714]. In this case, however, the defense of contributory negligence was considered as properly pleaded throughout the trial. No objection was made at any time on the ground that it was not pleaded. A large part of the testimony on the trial was devoted to that subject, and the instructions of the court show that it was deemed a matter in issue to be submitted to the jury. Under these circumstances a defective plea cannot be made available in support of an erroneous ruling on the subject. (*Kelly* v. *Santa Barbara etc. Co.*, 171 Cal. 415, 421 [Ann. Cas. 1917C, 67, 153 Pac. 903]; *Perry* v. *Angelus Hospital Assn.*, 172 Cal. 311, 316 [156 Pac. 449].)"

Appellants maintain that the trial court committed prejudicial error in giving to the jury, at the request of respondent, the following instruction:

"You are instructed that municipalities in this state have the right to declare by ordinance that the right of crossing streets by pedestrians shall be limited to established crosswalks. The city of San Bernardino has exercised its right to enact such an ordinance, and declared it to be unlawful within the Central Traffic District to cross a highway other than at an established crosswalk. Any violation of such ordinance which contributes to the injury complained of constitutes a bar to recovery.

"However, even in the absence of such ordinance, the law declares that in the exercise of due care for one's own protection, which the law exacts of everybody, a greater degree of care is necessary upon the part of the pedestrian who undertakes to cross a congested highway other than at an established crosswalk. Furthermore, the exercise of due care under such circumstances demands that the pedestrian shall look for the approach of vehicles lawfully traveling thereon. The observance of ordinary care by such a pedestrian is not fully performed by merely looking to the left or right as she steps upon the street. The observance of that care is imperative of her during all the time that she is crossing.

"In this case, if you believe that Mrs. Koeppel proceeded to cross Third Street at a place where there was no crosswalk, or that she did not after stepping upon the street look to the right or left, or did not, as she attempted to cross the street, use ordinary care to determine the approach of vehicles thereon as herein defined, then I instruct you that she was herself guilty of negligence, and you shall find against her upon that issue."

Appellants maintain that the first paragraph of the instruction was defective in that it informed the jury that Mrs. Koeppel was guilty of contributory negligence as a matter of law in crossing Third Street between intersections in violation of an ordinance of the city of San Bernardino, and that the remaining paragraphs were defective in placing upon her the duty of continuous care in looking for approaching vehicles after entering the intersection.

The California Vehicle Act (secs. 114 and 145 [Stats. 1929, pp. 537, 546, secs. 45, 65]) gives to the governing bodies of counties and municipalities the right to provide certain regulations for foot and vehicular traffic on streets where traffic is heavy and continuous. This right has been recog-

nized in the case of *Lindenbaum* v. *Barbour,* 213 Cal. 277, [2 Pac. (2d) 161], and in the case of *Sheldon* v. *James,* 175 Cal. 474 [2 A. L. R. 1493, 166 Pac. 8, 10], where it was said: "Automobiles have ceased to be the mere plaything of the rich. They have become a part, and well nigh an essential part, of the business life of a city. They make greatly for expedition in the transaction of business and in the accomplishment of this attain a speed far beyond that of horse-drawn vehicles. Business has adjusted itself to this new mode of transportation and would be as little inclined to abandon it as it would be to abandon the telephone. Municipal authorities have, and properly have, recognized the necessity of regulatory provisions controlling automobile traffic for the safety of pedestrians upon the one hand, and at the same time, to the end that the traffic may not be unduly interfered with, have adopted regulatory provisions controlling the movements of pedestrians. The most familiar of these provisions is the one checking automobiles or bringing them to a full stop as they draw up to intersecting streets in the congested portions of the city, and here police officers are frequently stationed to regulate the traffic. It then becomes a necessity for the orderly and expeditious movement of this traffic in such congested districts that automobiles should be allowed to move at reasonable speed between intersecting streets. In many municipalities this is declared in terms without an express limitation upon that speed. In others, to the end that such movements may not be unduly impeded and interfered with, the right of crossing streets by pedestrians is limited to the established crosswalks."

From the provisions of ordinance number 1301 of the city of San Bernardino, it appears that "when within the central traffic district, no pedestrian shall cross a roadway other than by a cross-walk". The accident happened within the central traffic district of the city of San Bernardino. The ordinance provides further that a crosswalk shall be "that portion of the roadway included within the prolongation of curb and property line at street intersections". By the same ordinance a pedestrian is defined as "any person afoot".

It is clear that Mrs. Koeppel was violating the provisions of this ordinance in crossing Third Street at a place where there was no crosswalk. The violation of a law or city ordi-

nance has been repeatedly held to be negligence *per se.*
(*King* v. *San Diego Electric R. Co.,* 176 Cal. 266 [168 Pac.
131]; *Alechoff* v. *Los Angeles Gas & Electric Corp.,* 84 Cal.
App. 33 [257 Pac. 569]; *Wynne* v. *Wright,* 105 Cal. App.
17 [286 Pac. 1057].) We are therefore of the opinion that
the trial court was fully justified in giving the first portion
of the instruction which we have quoted.

While the balance of the quoted instruction should
not be adopted as a recommended model to be followed in
all similar cases, yet under the authority of *Sheldon* v.
*James, supra,* we do not think it sufficiently prejudicial
to require a reversal of the judgment. In the Sheldon case
it was said: "It is palpably true that in the exercise of the
due care for one's own protection which the law exacts of
everybody, a greater degree of care is necessary upon the
part of the pedestrian who undertakes to cross a congested
highway other than at the established cross-walk, and
especially so, if in the act he does not essay a direct crossing
but pursues a long diagonal route. It is true that in so
crossing the care required of this pedestrian was especially
directed to the observation of vehicles going north on the
easterly side of Powell street and south on the westerly side,
but upon neither side of the street was he relieved from the
duty of exercising ordinary care to protect himself against
automobiles which might, as they had a perfect right to do,
be backing into a vacant parking stand. The observation of
ordinary care by such a pedestrian is not fully performed
by merely looking to the left or right as he steps upon the
street. The observance of that care is imperative upon him
during all of the time that he is crossing. (*Scott* v. *San
Bernardino etc. Co.,* 152 Cal. 604 [93 Pac. 677].) Here it
is in evidence from plaintiff's own witnesses that the auto-
mobile in backing up the grade made an extremely loud and
raucous noise sufficient to attract the attention of people
upon the opposite side of the street, and such as should have
attracted the attention of the plaintiff before he put him-
self in a place of danger. If, then, under these circum-
stances he did not look, the jury was justified in concluding
that he was negligent in not having looked. We do not con-
strue the instruction given as meaning that it is the duty
of a pedestrian to look backward, nor yet as an effort to
standardize the law by declaring that a pedestrian must

constantly and continuously be looking from right to left. We construe it to be no more than a declaration that in the exercise of ordinary care it is the duty of such a pedestrian to look to the right and to the left whenever he has voluntarily put himself in a position which may be one of peril coming from either direction, and in particular where he has received adequate warning of the likelihood of peril.''

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 17, 1931, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 18, 1932.