## SOUTHERN PAC. CO. v. HUMPHREY.*
### No. 8447.

Circuit Court of Appeals, Ninth Circuit.
June 1, 1938.

*Rehearing denied August 17, 1938.

Arthur B. Dunne, of San Francisco, Cal. (Dunne & Dunne, of San Francisco, Cal., of counsel), for appellant.

Frederick W. Kant, of San Francisco, Cal., for appellee.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant's railroad, running east and west, crosses U. S. Highway 93, running north and south, at a point within the city limits of Wells, Nevada. On October 3, 1934, at 9:48 P. M., a west bound freight train comprising 89 cars and a caboose, operated by appellant, stopped at Wells for the purpose of taking water. When so stopped, the front end of the train was 75 car lengths west of the crossing, the rear end was 13 car lengths east of the crossing, and the 76th car (14th from the rear) was on the crossing, completely blocking it.

While the train was standing there, motionless, Ravaud Hovey Humphrey (hereafter called decedent), traveling south on Highway 93, drove his automobile into and against the side of the 76th car of said freight train and was killed. Thereafter, appellee, decedent's widow, individually and as guardian ad litem of his two minor children, brought this action against appellant for damages in the sum of $75,000 for decedent's death. The action was commenced in a State court of California, but was, on appellant's petition, removed to and tried in the District Court of the United States for the Northern District of California.

Appellee's complaint alleges that appellant "so negligently, carelessly and unlawfully maintained and operated [said freight train] by blocking U. S. Highway 93 at night without adequate or any warning thereof, that the automobile which [decedent] was operating at said time and place collided with one of the cars of said freight train, and [decedent] thereby sustained injuries from which he immediately died."

Appellant's answer denies that appellant was negligent and, as a separate defense, alleges that decedent "so negligently, carelessly, recklessly, heedlessly, improperly, and unlawfully drove said automobile as to cause the same to collide with said freight train and thereby he caused and contributed to his own resulting death and to the damages if any sustained by [appellee]."

There was a verdict in appellee's favor for $35,000. From the judgment thereon, this appeal is prosecuted.

There are 79 assignments of error. Twenty-two of the assigned errors[1] were not specified in appellant's brief, as required by our Rule 24, were not argued by appellant, in its brief or orally, and are, therefore, deemed to have been waived.

Nineteen assignments[2] complain of the admission of evidence said to have been objected to by appellant, but do not state what the objections were.[3] Sixteen assignments[4] complain of the giving of instructions said to have been excepted to by appellant, but do not state what the exceptions were.[5] Such assignments, ob-

---

[1] Assignments 4, 8, 9, 13, 15–21, 25, 34, 39–42, 53, 54, 63, 77, 78.

[2] Assignments 1, 3, 5–7, 10–12, 22–24, 26, 27, 30–32, 35–37.

[3] Compare Goldstein v. United States, 9 Cir., 73 F.2d 804, 806; United States v. Alcorn, 9 Cir., 80 F.2d 487, 489; Mullaney v. United States, 9 Cir., 82 F.

2d 638, 640; Girson v. United States, 9 Cir., 88 F.2d 358, 360.

[4] Assignments 60–62, 64–76.

[5] Compare Royal Finance Co. v. Miller, 9 Cir., 47 F.2d 24, 27; Dayton Rubber Mfg. Co. v. Sabra, 9 Cir., 63 F.2d 865; Heuss v. United States, 9 Cir., 88 F.2d 307; Liquid Veneer Corporation v. Smuckler, 9 Cir., 90 F.2d 196, 206.

viously, do not "set out separately and particularly" the errors asserted, as required by our Rule 11. They are, therefore, disregarded.

There was evidence that, at the time of the accident, appellant's train had stood on the crossing for more than five minutes. Appellee contended that this was negligence per se. To establish this contention, appellee offered, and the court admitted in evidence, § 48 of an ordinance of the City of Wells which, it is agreed, was in effect at the time of the accident. Section 48 provides:

"It shall be unlawful for any person in charge or control * * * of any engine, car, train of cars, or any part of a train of cars on any railroad operated within or passing through the City of Wells, to cause or allow such engine, car, train of cars, or part of a train of cars to stand or remain on or across any street[6] crossing within the said City * * * at or during any time except when making up a train or stopping a train at a station, and then only for a period of time not exceeding five minutes. * * *"

There was evidence that, at the time of the accident, decedent was driving his automobile at a speed of 60 miles an hour. Appellant contended that driving at such a speed, or at any speed in excess of 15 miles an hour, constituted negligence per se. To establish this contention, appellant offered in evidence § 11 of the city ordinance above referred to. Section 11 provides:

"It shall be unlawful for any person to ride, drive or propel any vehicle in the City of Wells at a rate of speed greater than Fifteen (15) miles per hour on or along any highway or portion of any highway."

 Appellee objected to the introduction of § 11, but stated no ground of objection. The court sustained the objection, stating no reason for its ruling. The ruling was excepted to and is assigned as error.[7] This assignment is well taken. On the issue of contributory negligence, § 11 was clearly admissible. Cragg v. Los Angeles Trust Co., 154 Cal. 663, 98 P. 1063, 16 Ann.Cas. 1061; Koeppel v. Daluiso, 118 Cal.App. 442, 5 P.2d 457. Its exclusion was error calling for reversal.

Appellee contends that, because decedent was not a resident of Wells, the ordinance was not binding on him. This contention is unsupported by authority and is obviously unsound. A valid municipal ordinance is binding on all persons within the limits of the municipality, whether residents or non-residents. 43 C.J. 575, § 922; 19 R.C.L. 801, § 109; McQuillin, Municipal Corporations, 2d Ed., § 690. Cases cited by appellee[8] hold that a non-resident is not presumed to have actual knowledge of a municipal ordinance, but they do not hold that he is not bound thereby.

Other errors were assigned,[9] but, in view of the conclusion reached, it is unnecessary to consider them.

Judgment reversed and case remanded for a new trial.

---

[6] Elsewhere in the ordinance, the term "street" is defined as "That part of the public highway intended for vehicles."

[7] Assignment 38.

[8] Palmiter v. Hackett, 95 Or. 12, 185 P. 1105, 186 P. 581; Woodard v. Bush, 282 Mo. 163, 220 S.W. 839.

[9] Assignments 2, 14, 28, 29, 33, 43–52, 55–59, 79.