[L. A. No. 19572.  In Bank.  Jan. 31, 1947.]

CECIL COMBS, Respondent, v. LOS ANGELES RAILWAY CORPORATION (a Corporation), Appellant.

Gibson, Dunn & Crutcher, E. H. Chapman and Gerold C. Dunn for Appellant.

Tripp, Callaway, Sampson & Dryden, Walter L. Gordon, Jr., Lowell L. Dryden and DeWitt Morgan Manning for Respondent.

EDMONDS, J.—Combs sued to recover damages for personal injuries, and the appeal of the Los Angeles Railway Corporation attacks the judgment in his favor upon the ground that he was contributorily negligent as a matter of law. As in *Satterlee* v. *Orange Glenn School District, ante* p. 581 [177 P.2d 279], certain jury instructions are challenged upon the ground that they incorrectly state the law in regard to the effect of a plaintiff's violation of a statute upon his cause of action for negligence.

The accident occurred when a streetcar operated by the railway company collided with an automobile operated by Joseph Commodore. Combs was standing on the step of the car and the impact threw him to the street. He named both the corporation and Commodore as defendants. Each of them denied the charge of negligence and, as a separate defense, pleaded contributory negligence.

As Combs explained the circumstances of his case, late in the afternoon, he and several other persons were standing at a loading zone waiting for a streetcar. When it arrived, he made no observation as to the number of persons which it carried, nor did he notice that the rear platform was crowded. However, he saw several persons riding on the rear step.

He was the last person to board the car. He reached the second step and, after the car started, paid his fare to the conductor, received a transfer, and then endeavored to make his way to the platform. However, it was so crowded with passengers that he could not do so. As the streetcar approached the next stop, and while Combs was still on the second step, the car and the automobile of Commodore collided. The impact ripped the steps from the body of the car and Combs received injuries for which he now claims damages.

At the conclusion of the plaintiff's case, both defendants challenged the sufficiency of the evidence by motion for a nonsuit based upon the claim that the evidence conclusively established that, as a matter of law, Combs was guilty of contributory negligence. This motion was denied. Upon the same grounds, at the close of the trial, each defendant unsuccessfully moved for a directed verdict.

The jury returned its verdict in favor of Combs and Commodore and against the railway company. The appeal of the corporation is from the judgment and from the order denying its motion for judgment notwithstanding the verdict.

The appellant contends that the evidence conclusively established that Combs was guilty of contributory negligence as a matter of law because of his violation of a section of the Municipal Code of the City of Los Angeles which makes it unlawful for one to "ride upon the fenders, steps, or running board of any street car or vehicle." (§ 80.47.) And as there is no conflict in the testimony that Combs was "riding" upon the steps of the streetcar in violation of the statute and but one conclusion can be drawn from the facts, the question of proximate cause is one of law.

A further ground of attack upon the judgment is that prejudicial error resulted from the action of the trial court in refusing to instruct the jury that if it found Combs had violated the applicable ordinance, he was guilty of negligence as a matter of law. An instruction upon this point requested by appellant and given to the jury as modified is also challenged by the railway corporation as constituting prejudicial error. Violation of the ordinance was conclusive, not presumptive, evidence of negligence, since there were no circumstances presented which would justify or excuse violation. Furthermore, the modified instruction was conflicting, argumentative, and misleading. Also, says the appellant, the instruction given to the jury was erroneous because it failed to state in specific terms circumstances under which a violation of the ordinance is excused, but leaves this entire matter solely to conjecture without reference to legal principles.

On the other hand, Combs contends that the issue of contributory negligence was properly left to the jury. He urges that the evidence presented a question of fact as to whether he was "riding" upon the steps of the streetcar within the meaning of the ordinance and supports the jury's implied finding that he was not doing so.

The instruction given by the court on its own motion is defended by Combs as being a correct statement of law. Considering the circumstances, he says, the violation of the ordinance created merely a presumption of negligence, and it was a question of fact as to whether the evidence was such as to excuse such violation.

The railway company's proposed charge to the jury reads as follows: "If you find from the evidence . . . that at the

time of the collision between the automobile and street car and immediately prior thereto, . . . Combs was riding upon one or more of the steps of said street car, then . . . Combs was . . . [violating] the Municipal Code . . . and as such was guilty of negligence as a matter of law. If you further find from the evidence that such negligence, if any, contributed proximately in any degree whatever, even the slightest, to the injuries sustained by . . . Combs, then [he] is not entitled to recover . . . against defendant . . . corporation. . . .''

The instruction given by the court as a modification of one submitted by the appellant is No. 149 of California Jury Instructions, Third Revised Edition. It reads: ''Conduct which is in violation of the [Municipal] code sections just read to you constitutes negligence *per se*. This means that if the evidence supports a finding, and you do find, that any party to this action did so conduct himself, it requires a presumption that he was negligent. However, such presumption is not conclusive. It may be overcome by other evidence showing that under all the circumstances surrounding the event, the conduct in question was excusable, justifiable and such as might reasonably have been expected from a person of ordinary prudence. In this connection you may assume that a person of ordinary prudence will reasonably endeavor to obey the law and will do so unless causes, not of his own intended making, induce him, without moral fault, to do otherwise.''

The court also advised the jury that ''a presumption is a deduction which the law expressly directs to be made from particular facts. It may be controverted by other evidence, direct or indirect; but unless so controverted, the jury is bound to find in accordance with the presumption.''

■    These instructions present the same question which was decided in the Satterlee case, *supra*. The evidence concerning the injury to Combs required, first, a determination as to whether he had violated the ordinance and, if he had done so, the effect of such violation. The instruction refused by the court directed the jury to find that, if he did not comply with the mandate of the ordinance, he could not recover. Because of the omission of the important qualification that such conduct might be excused under certain circumstances, the court's ruling upon it was correct. (See *Satterlee* v. *Orange Glenn School District, supra,* at p. 581 [177 P.2d 279].)

■ The instruction given by the court was a complete and correct statement of the law. By it, the jury was first asked to determine whether Combs was "riding" upon the steps of the car. In view of the testimony of Combs that he was endeavoring to· reach the rear platform and that the streetcar had traveled only a short distance before the collision, the fact of violation was correctly left to the jury. (*Connard* v. *Pacific Elec. Ry. Co.*, 14 Cal.2d 375 [94 P.2d 567].)

If he was violating the ordinance in that particular at the time of the accident, the jury was told, the question then to be answered was whether the circumstances showed an excuse for his conduct. Bearing upon that issue was the testimony of Combs that when he boarded the streetcar he did not make any observation as to how many people it was carrying, that he did not notice the crowded condition of the rear platform until the car was proceeding on its way, that he endeavored to make his way into the car but found it was impossible to do so, and that the car had not stopped when the step upon which he was riding was struck by the automobile of Commodore. From this evidence, the jury could find that Combs reasonably thought that the people in front of him would soon move up into the car, but subsequent events beyond his control prevented him from doing so.

The appellant's contention that the instruction was conflicting, argumentative, and misleading and tended to confuse the jury is without merit. The statements in the instruction that violation of an ordinance requires a presumption of negligence and that the presumption may be overcome by "all the circumstances surrounding the event," are neither inconsistent nor confusing. In many other situations a jury is directed that, if it finds certain facts to be true, a certain conclusion follows; however, if additional facts are found then a different determination must be made. The challenged instruction does nothing more than this. In other words, to tell jurors that violation of an ordinance gives rise to a rebuttable presumption of negligence is to say that they are authorized by the law to look behind, beyond, around and outside the violation to see if there are circumstances that justify or excuse the conduct. The statements merely complement each other. This instruction, when combined with the instruction explaining the legal effect of a presumption, clearly states the applicable principles of law announced in *Satterlee* v. *Orange Glenn School District, supra.* It thus becomes un-

necessary to decide whether a duty was owed to persons in the class of appellant so that it could take advantage of a violation of section 80.47 of the Los Angeles Municipal Code.

The verdict is an implied finding that, under the circumstances, the alleged violation of the ordinance was excusable and it is amply supported by the evidence.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Schauer, J., and Spence, J., concurred.

CARTER, J.—I concur in the judgment of affirmance, but as the majority opinion is based upon the unsound reasoning in the Satterlee case, *ante*, p. 581 [177 P.2d 279], from which I dissented, I cannot agree with the legal theory upon which said opinion is based.

Once it is conceded, as it is in the majority opinion, that the violation of a penal statute or ordinance by one seeking to recover civil damages, does not necessarily bar a recovery, there is no common sense or logic in talking about presumptions or presumptive negligence arising from evidence of such violation. A person involved in an accident may be guilty of violating several statutes or ordinances but such violations may have no bearing upon his alleged negligent conduct. For example, he may be driving an automobile without a driver's license; his automobile may not have a current license number; and he may be operating his automobile at night without a taillight and have a head-on collision. Obviously, none of these violations can be said to have any bearing upon negligent conduct, and evidence relating to them would be immaterial and irrelevant. Even when we consider a statute or ordinance relating to conduct directly involved in the accident, it is first a question of fact as to whether there has been a violation, second, whether such violation was a proximate cause of the accident, and third, if both of the foregoing are answered in the affirmative, whether such violation was excused or justified. There must necessarily be involved in the latter the question of whether or not the person charged with such violation acted as a reasonably prudent person under the circumstances. If so, he could not be guilty of negligence. So the test must be in every case, what would a reasonably prudent person have done under the circumstances? Applying this test to the facts of the case before us, I can perceive

no basis upon which the finding in favor of plaintiff can be reversed. It was certainly a question of fact as to whether he acted as a reasonably prudent person under the circumstances. To say that the technical violation of an ordinance would bar a recovery under such circumstances is too harsh a rule for any court of justice to announce. True, the ordinance was properly introduced as evidence in the case, and its provisions are factors to be considered by the trier of fact in determining the issue of contributory negligence. The trier of fact might have determined that plaintiff was guilty of a violation of the ordinance and his conduct in so doing was not that of a reasonably prudent person. Such a determination would have justified a finding of contributory negligence. On the other hand, the trier of fact might have concluded, as it did, that notwithstanding the proof showing a violation of the ordinance, plaintiff's conduct was that of a reasonably prudent person, and he was not, therefore, guilty of contributory negligence. There is no sound basis for the statement that proof of the violation of an ordinance requires a presumption that the violator was negligent. This is not the field in which presumptions operate. They operate in the absence of evidence of the facts of which they are themselves evidence. (*Speck* v. *Sarver*, 20 Cal.2d 585 [128 P.2d 16]; *Westberg* v. *Willde*, 14 Cal.2d 360, 367 [94 P.2d 590].) Here the evidence showed just what the conduct of plaintiff was, and it was for the trier of fact to determine from the evidence whether or not plaintiff's conduct was that of a person of ordinary prudence. Assuming there was evidence that plaintiff violated the ordinance, it must be considered with the other evidence in determining the ultimate fact. When this fact is determined either the presence or absence of contributory negligence has been established. This is accomplished without the aid of a presumption. It was proper for the trial court to read to the jury the provision of the Municipal Code of the City of Los Angeles which makes it unlawful for one to "ride upon the fenders, steps, or running board of any street car or vehicle," and to advise the jury that it was the duty of plaintiff and all other citizens to obey such provision, but in determining whether or not plaintiff was guilty of contributory negligence, the jury should take into consideration all of the evidence relating to the conduct of plaintiff at the time of the accident, and if they determine therefrom that plaintiff's conduct was that of a reasonably prudent person under

the circumstances, he was not guilty of contributory negligence.

The instruction given by the court to the jury was much more favorable to the defendant than that which should have been given, and in my opinion it is confusing and does not contain a correct statement of the law. After stating that "Conduct which is in violation of the [Municipal] code sections just read to you constitute negligence *per se*," it states that if the jury should find "that any party to this action did so conduct himself, it requires a presumption that he was negligent." The element of proximate cause is not mentioned in the instruction. It has been stated many times, and it must be considered as a settled rule of law that contributory negligence which is not a proximate cause of the accident is not a bar to recovery (*Pewitt* v. *Riley*, 27 Cal.2d 310 [163 P.2d 873]; *Blanton* v. *Curry*, 20 Cal.2d 793 [129 P.2d 1]; *Rush* v. *Lagomarsino*, 196 Cal. 308 [237 P. 1066]; 19 Cal.Jur. 649) and an instruction which singles out conduct as constituting a basis for a denial of recovery should include the element of proximate cause.

From the foregoing discussion it is obvious that any error which existed in the instruction complained of was more favorable to defendant than to the plaintiff, and defendant could not have suffered prejudice thereby.

TRAYNOR, J.—I dissent. In my opinion plaintiff was guilty of contributory negligence as a matter of law. (See my concurring opinion in *Satterlee* v. *Orange Glenn School District, ante,* p. 581 [177 P.2d 279].) Under the instruction given by the trial court, riding on the streetcar steps in violation of the ordinance was merely evidence of negligence, and the jury was permitted to apply as a standard, the conduct of a man of ordinary prudence rather than the standard prescribed by the ordinance.

The principal issue in this case is whether the plaintiff was "riding" on the streetcar steps in violation of the ordinance. In *Connard* v. *Pacific Elec. Ry. Co.*, 14 Cal.2d 375, 377-378 [94 P.2d 567], this court, construing the same ordinance, determined that the plaintiff in that case was not "riding" on the steps of a streetcar within the meaning of the ordinance if he used the steps preparatory to alighting therefrom after the car had already slowed down for a stop but "had not

quite come to a complete stop." In that case the court stated: "There is a clear distinction between the conduct of one who over a period of time deliberately stands or 'rides' on the steps of a moving car, and the conduct of one who merely undertakes, after the signal to stop has been given, to use the steps in the course of a continuous route from car seat to station platform. The former conduct may be a violation of the ordinance, negligence *per se,* and the latter not come within the terms of the prohibition." Conversely, a person is not "riding" on the steps within the meaning of the ordinance, when he uses the steps with the reasonable expectation of proceeding directly into the streetcar without stopping on the steps and finds that it is impossible to do so after the car starts to move and he can no longer safely alight. On the other hand, if he cannot reasonably expect to proceed directly into the streetcar without stopping on the steps but stands on the steps after the car gets under way, even though he intends to remain there only until such time as there is room inside, his conduct is in violation of the ordinance. It is clear that the ordinance was directed against the use of streetcar steps for transportation while the car is crowded even though a "rider" may expect to move to a proper place as soon as it becomes available. There is greater likelihood of riding on streetcar steps under such circumstances than when there is ample room inside.

The uncontroverted evidence in the present case showed that when plaintiff boarded the steps, he could not reasonably expect to proceed directly from the steps to the car platform without stopping on the steps and that he stood on the steps after the car started with the intention of remaining there until such time as there was room inside. Plaintiff himself testified that before he boarded the car he knew that other passengers were riding on the steps. He also testified that he paid his fare and took a transfer after the car started, thus showing the lack of any intention to get off at the first safe opportunity in the event he was unable to get inside. Under the circumstances a reasonable jury could only conclude that plaintiff was riding on the steps within the meaning of the ordinance.

Before a verdict may be directed there must be not only a violation of the ordinance, but a causal relation between the conduct in violation of the ordinance and the injuries sustained by the plaintiff. The unconflicting evidence disclosed

by the record shows that the automobile struck the side of the streetcar and ripped off the steps, including the step on which plaintiff was standing. If plaintiff had been standing on the platform or in the interior part of the car, he would not have been injured. No reasonable jury, therefore, could doubt that plaintiff's conduct in violation of the ordinance was in fact a contributing cause of his injuries.

It has been suggested that the ordinance does not provide a proper standard of conduct to determine the question of contributory negligence of persons riding on streetcar steps, since its purpose is to protect the passengers from harm rather than to protect street railways from liability. A statute or ordinance designed for the protection of the class of persons that includes the plaintiff provides the standard of conduct in determining contributory negligence, for "Unlike assumption of risk, the defense does not rest upon the idea that the defendant is relieved of any duty toward the plaintiff. Rather the plaintiff is denied recovery because his own conduct disentitles him to maintain the action. In the eyes of the law both parties are at fault." (Prosser, Torts, § 393; see Rest., Torts, § 466, comment f.) The purpose of the ordinance in question was to protect the users of streetcars from injuries like that sustained by plaintiff. Violation of a duty to protect oneself, including a duty imposed by statute, constitutes contributory negligence. (*Meincke* v. *Oakland Garage, Inc.*, 11 Cal.2d 255, 256 [79 P.2d 91]; *Koeppel* v. *Daluiso*, 118 Cal. App. 442, 446 [5 P.2d 457]; see *Connard* v. *Pacific Elec. Ry. Co. supra*, at 376; Rest. Torts, §§ 469, 475.)

Since the uncontradicted evidence showed that plaintiff was contributively negligent as a matter of law and that this negligence was a contributing cause of plaintiff's injuries, defendant's motion for a directed verdict should have been granted.

Appellant's petition for a rehearing was denied February 27, 1947. Traynor, J., voted for a rehearing.