BURCH, J.
The action grows out of a collision between plaintiff’s dump truck loaded with sand, and defendant Barber’s winch truck and flat-bed trailer loaded with an 8-foot bulldozer operated by defendant Brown. The collision occurred about 3 p. m., March 4,1948, on the Cottonwood Creek Bridge, Highway 94, in San Diego County.
Upon this appeal, it is earnestly contended that the record establishes contributory negligence on the part of the plaintiff as a matter of law. The contention in that behalf may be fairly presented in words from defendants’ brief on file:
‘1 The undisputed fact is that the Cottonwood Creek Bridge is narrow, to wit: 15 feet; the equipment being driven by the defendant Brown was wide, to wit: 8 feet. Any reasonable and prudent person would conclude that the two trucks involved in this accident could not pass each other on this bridge. When the driver of the plaintiff’s truck was at the midway point on the bridge he saw the other truck approaching. . . . He decided to attempt to squeeze by.” (Italics ours.)
The bridge in question was 203 feet long, the traveled portion thereof was confined laterally by guard timbers perhaps 8 inches high and 8 inches wide. On the side of the bridge occupied by plaintiff’s truck there were marks upon the side of that guard timber extending more or less continuously for 69 feet up to the assumed point of collision. This mark was described by the deputy sheriff who investigated the accident *933 as one which could have been made by the rubber tires of plaintiff’s truck scraping against it. The plaintiff had traversed 173 feet of the bridge’s length and the defendant 30 feet when the collision occurred. While the plaintiff’s truck had almost stopped, the defendant was moving at 5 or 6 miles an hour at the moment of collision.
When the plaintiff was at the midway point of the bridge, his view of the road ahead was limited to 50 feet beyond the bridge due to the contour of the road.
The bridge was conspicuously posted at both ends as “one way” for trucks and busses. Both operators knew this to be a fact. Plaintiff testified to his own speed at 8 to 10 miles per hour when at the midway point of the bridge he first observed defendant Brown approaching at 25 miles per hour.
As a question of fact, but not of law, the marks on the bridge may fairly be said to indicate action on plaintiff’s part of a precautionary nature, taken before the instant of time when he was called upon to anticipate the need to stop. Unfortunately, they do not aid us to determine when the total situation suggested a quick stop. A knowledge of at least two factors, not at once apparent to an operator in plaintiff’s position, would ordinarily be expected before that need was realized. One, that defendant would not be able to bring his equipment to a stop before entering the bridge and, two, that the total width of the two equipments exceeded the confined roadbed. It would be reasonable to expect as to the first proposition that anyone operating such an equipment as the defendant’s would not enter upon the bridge which plaintiff’s truck was traversing, since the bridge was conspicuously posted as a warning against such action.
As to the second proposition, plaintiff is not chargeable with knowledge of the exact width of the bridge or the width of defendant’s loaded equipment if, indeed, he is chargeable with knowledge of the width of his own truck. Only if the width of defendant’s equipment added to the width of plaintiff’s equipment was greater than the roadway of the bridge would a collision be inevitable. Obviously, when these two propositions became apparent to the plaintiff, he undertook to bring his truck to a stop. However, the variableness of that particular point of time creates the fact question which the trial court has reasonably decided in favor of plaintiff. This is in all respects according to law. (See Lucchese v. San Francisco-Sacramento Railroad Co., 106 Cal.App. 242 *934 [289 P.188].) The law makes no distinction between the conduct of an actor when charged with actionable fault and when charged with contributory negligence. (Charbonneau v. MacRury, 84 N. H. 501 [153 A. 457, 73 A.L.R. 1266]. Noted: 79 U.of Pa.L.Rev. 1153; 15 Minn.L.Rev. 834.)
The testimony as to relative speeds and distances in the record are but approximations or estimates. (Pewitt v. Riley, 27 Cal.2d 310, 316 [163 P.2d 873].) Contributory negligence is always to some extent a question of fact. It is never a question of pure law. (Zibbell v. Southern Pacific Co., 160 Cal. 237, 240 [116 P. 513].) The applicable principles may be thus stated:
“. . . cases in which it can be said that the negligence of plaintiff contributes proximately to the accident as a matter of law are rare. The rule has been stated in various ways in a legion of cases, that contributory negligence is not established as a matter of law unless the only reasonable hypothesis is that such negligence exists; that reasonable or sensible men could have drawn that conclusion and none other; that where there are different inferences that may be drawn, one for and one against, the one against will be followed; and that before it can be held as a matter of law that contributory negligence exists, the evidence must point unerringly to that conclusion.” (Anthony v. Hobbie, 25 Cal.2d 814, 818 [155 P.2d 826]; Kirk v. Los Angeles Railway Corp., 26 Cal.2d 833, 838 [161 P.2d 673, 164 A.L.R. 1]; Pewitt v. Riley, 27 Cal.2d 310, 316 [163 P.2d 873].)
Not only do we think that the question before the trial court was a question of fact, but further upon the whole record his finding in favor of the plaintiff is amply supported by substantial evidence. The judgment is affirmed.
Turrentine, P. J., and Glen, J., concurred.