Filed 12/29/15  Evans v. Federal National Mortgage Ass'n CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LEONARD R. EVANS, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> FEDERAL NATIONAL MORTGAGE ASSOCIATION, <br><br> Defendant and Respondent. | A143512 <br><br> (Contra Costa County <br> Super. Ct. No. MSC1302598) |

Plaintiff Leonard R. Evans, appearing in propria persona, appeals from a December 8, 2014, judgment of dismissal entered after an order sustaining, without leave to amend, a demurrer to the first amended complaint.[1]  In his opening brief Evans raises a number of issues, apparently arguing that each one warrants reversal of the superior court's ruling.  We affirm on the ground that Evans has forfeited his right to appellate review by his failure to submit an opening brief containing relevant citations to the record and a cogent argument requiring reversal of the superior court's ruling.[2]

---

[1]   We deem plaintiff's November 5, 2014, notice of appeal from "judgment of dismissal after an order sustaining a demurrer" to be a premature notice of appeal from the judgment of dismissal filed on December 8, 2014.  (Cal. Rules of Court, rule 8.104(d), (e).)

[2]   In light of our determination, we deny Federal National Mortgage Association's motion to take judicial notice of certain documents (order of dismissal and docket in *Evans v. Wells Fargo Bank, N.A.*, N.D. Cal. Case No. 13-02371) as moot.

# FACTUAL AND PROCEDURAL BACKGROUND

In light of our resolution of this appeal, the following is a brief recital of the history of this matter. On December 6, 2013, Leonard R. Evans, in propria persona, filed a complaint against Federal National Mortgage Association (Fannie Mae), by which he purportedly sought damages and other relief related to a reverse mortgage loan that had been secured by a residence owned by his mother Helen L. Evans, who is now deceased. In lieu of an answer to the complaint, Fannie Mae filed a general demurrer, which was opposed by Evans. The superior court sustained the demurrer to the entire complaint with leave to amend on the ground that Evans had "failed to intelligibly allege any of the causes of action identified in the caption or headings of the complaint." In an apparent attempt to assist Evans, given his in propria persona status, the court explained, among other things, that plaintiff had failed to sufficiently allege facts showing that he had standing to pursue all of the causes of actions in his complaint.

On May 12, 2014, Evans filed a first amended complaint (FAC) in response to the superior court's order. In lieu of an answer, Fannie Mae filed a general demurrer to the FAC, and a related request for judicial notice of certain loan documents, which was opposed by Evans. The superior court sustained the demurrer to the entire FAC, without leave to amend, on the grounds, among other things, that Evans still failed to intelligibly allege facts demonstrating his standing to pursue the causes of actions in the FAC, despite the fact that the court had previously identified standing as a "fundamental" problem. The court also denied Evans's request for leave to amend on the grounds that he already had one opportunity to amend and failed to suggest in his opposition memorandum how the fundamental defects in the FAC might be cured through further amendment. The court did not explicitly rule on Fannie Mae's request for judicial notice. Evans's timely appeal ensued.

# DISCUSSION

"On appeal from a judgment of dismissal after an order sustaining a demurrer without leave to amend, we examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory. (*McCall v.*

2

*PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415 [106 Cal.Rptr.2d 271, 21 P.3d 1189].)" (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655 (*Keyes*).) However, "[t]he fact that we examine the complaint de novo does not mean that [a plaintiff] need only tender the complaint and hope we can discern a cause of action." (*Ibid*.) "The plaintiff has the burden of showing that the facts pleaded are sufficient to establish every element of the cause of action and overcoming all of the legal grounds on which the [superior] court sustained the demurrer." (*Martin v. Bridgeport Community Assn., Inc.* (2009) 173 Cal.App.4th 1024, 1031 (*Martin*).) Here, as we now discuss, Evans has failed to meet his burden of demonstrating reversible error.

We initially note that Evans's opening brief does not "[p]rovide a summary of the significant facts limited to matters in the record," supported "by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, [3] rule 8.204(1)(C), (2)(C).) The brief's "statement of the case" and "statement of facts," contain purported citations to pages 3 through 8 of a clerk's transcript. However, those pages of the clerk's transcript submitted on this appeal contain the superior court's "Register of Action." Additionally, those portions of the brief contain statements of facts that appear to concern an unrelated case. Finally, to the extent those portions of the brief contain statements of facts that appear to concern this lawsuit, the brief does not include citations to the clerk's transcript in this case where the matter appears.

More importantly, Evans's opening brief makes no mention of the fact that the superior court sustained the demurrer to all causes of action in the FAC for lack of standing, a proper subject of demurrer. (*Martin, supra*, 173 Cal.App.4th at p. 1031.) Specifically, the opening brief neither provides a summary of the significant factual allegations related to standing with appropriate record citations nor presents a cogent argument, supported by citations to authority, demonstrating that the standing ruling was erroneous. (Rule 8.204(a)(1)(B), (C), (2)(A), (C); see *Christoff v. Union Pacific Railroad Co.* (2005) 134 Cal.App.4h 118, 125 ["an appellant's failure to discuss an issue in its

---

[3]    All further unspecified references to rules are to the California Rules of Court.

opening brief forfeits the issue on appeal"]; *Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6 [even if review "is de novo, it is limited to issues [that] have been adequately raised and supported in the plaintiff['s] brief"].) In the absence of any challenge to the ruling on standing, we presume the superior court followed applicable law and its ruling is correct. (See *Cahill v. San Diego Gas & Elec. Co.* (2011) 194 Cal.App.4th 939, 956; *Keyes, supra*, 189 Cal.App.4th at p. 655.) Because the superior court's ruling on standing applies to all the causes of action in the FAC, it is sufficient to uphold the sustaining of the demurrer without further consideration of any issues raised by Evans in his opening brief.

We also must reject Evans's request for leave to amend as he has failed to meet his appellate burden of proving his entitlement to such relief. "When a general demurrer is sustained . . ., the plaintiff must be given leave to amend his . . . complaint when there is a reasonable possibility that the defect can be cured by amendment. (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43 [96 Cal.Rptr.2d 354] (*Rakestraw*); *Mendoza v. Continental Sales Co.* (2006) 140 Cal.App.4th 1395, 1402 [45 Cal.Rptr.3d 525].)" (*Maxton v. Western States Metals* (2012) 203 Cal.App.4th 81, 95 (*Maxton*).) To satisfy his burden on appeal, " 'a plaintiff "must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading." [Citation.] The assertion of an abstract right to amend does not satisfy this burden.' (*Rakestraw, supra*, 81 Cal.App.4th at p. 43.)" (*Maxton, supra,* at p. 95.) Here, as noted, Evans made neither reference nor argument concerning his standing to pursue this lawsuit. Consequently, he has made no attempt to demonstrate that if allowed to amend his FAC, he would be able to allege sufficient facts to demonstrate his standing to pursue this lawsuit. Accordingly, we see no abuse of discretion in the superior court's refusal to grant Evans leave to amend and we decline to grant him that relief on appeal.

We conclude by noting that "[w]hen a litigant is appearing in propria persona, he is entitled to the same, but no greater, consideration than other litigants and attorneys," and "is held to the same restrictive rules of procedure as an attorney." (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639, fn. omitted.) "It is not incumbent on a reviewing

court to make a 'critical' or any other search of the record" to determine whether a judgment should be reversed, that "is the duty of an appellant to show in his brief." (*Trancoso v. Trancoso* (1950) 96 Cal.App.2d 797, 798; see *People v. Gidney* (1937) 10 Cal.2d 138, 142 [an appellate "court is under no obligation to search the record in an effort to ascertain a sound legal reason either for reversal of the judgment, or the order in question"].) Because Evans failed to comply with appellate court rules concerning the contents of an opening brief, we conclude he has forfeited his right to appellate review. Accordingly, we affirm the judgment of dismissal.

## DISPOSITION

The judgment of dismissal, filed on December 8, 2014, is affirmed. Defendant Federal National Mortgage Association is awarded costs on appeal.


_____
Jenkins, J.


We concur:


_____
McGuiness, P. J.


_____
Siggins, J.


*Leonard R. Evans v. Federal National Mortgage Association*, A143512

5